## JEANNETTE RIVERA *v.* ALLSTATE INSURANCE COMPANY
### (14897)

Landau, Schaller and Spear, Js.

Argued November 1—officially released December 31, 1996

*Alice M. Gray*, with whom, on the brief, was *Jon L. Schoenhorn*, for the appellant (plaintiff).

*Constance L. Epstein*, with whom, on the brief, was *Jack G. Steigelfest*, for the appellee (defendant).

SPEAR, J. The dispositive issue in this appeal[1] is whether the trial court properly granted summary judgment in favor of the defendant insurer in the plaintiff's underinsured motorist action, where the plaintiff presented her claim for benefits beyond the two year time limit specified in the insurance policy for submitting such claims. The plaintiff asserts that her action is pre-

---

[1] The plaintiff appeals from the judgment of the trial court rendered following the granting of the defendant's motion for summary judgment. The plaintiff challenges the denial of her motion to open and set aside the judgment and claims that she alleged sufficient facts to sustain a cause of action pursuant to the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes (Rev. to 1995) § 42-110a et seq.

served by § 3 of Public Acts 1993, No. 93-77 (P.A. 93-77),[2] which saves certain underinsured motorist claims that were pending on December 8, 1992, or brought after that date and before May 20, 1993, from failure because of late submissions. This is so, she claims, because the mere *possibility* of an underinsured motorist claim arising out of an accident satisfies the pending claim requirement of the statute as effectively as an actual submission of the claim to the insurer. We disagree and affirm the judgment of the trial court.

The following facts are relevant to this appeal. On January 12, 1989, the plaintiff was injured in an automobile accident. She obtained a judgment against the tortfeasor that exceeded the tortfeasor's insurance policy limit of $20,000. At the time of the accident, the plaintiff had an automobile insurance contract with the defendant that provided underinsured motorist benefits. A pro-

[2] Public Acts 1993, No. 93-77, provides in pertinent part: "Sec. 2. . . . (e) No insurance company doing business in this state may limit the time within which any suit may be brought against it or any demand for arbitration on a claim be made on the uninsured or underinsured motorist provisions of a motor vehicle policy to a period of less than three years from the date of accident, provided, in the case of an underinsured motorist claim the insured may toll any applicable limitation period (1) by notifying such insurer prior to the expiration of the applicable limitation period, in writing, of any claim which the insured may have for underinsured motorist benefits and (2) by commencing suit or demanding arbitration under the terms of the policy not more than one hundred eighty days from the date of exhaustion of the limits of liability under all automobile bodily injury liability bonds or automobile insurance policies applicable at the time of the accident by settlements or final judgments after any appeals.

"Sec. 3. . . . *No uninsured or underinsured motorist claim or action pending on December 8, 1992, or brought after said date and prior to the effective date of this act [May 20, 1993], in which a settlement has not been reached or a final judgment has not been rendered prior to the effective date of this act, shall fail by reason of any contractual limitation in a motor vehicle insurance policy which limits the time within which such claim shall be submitted to arbitration or such action shall be commenced to a period of time less than that allowed under section 38a-336 of the general statutes, as amended by section 2 of this act. . . .*" (Emphasis added.)

vision of the policy, authorized by General Statutes (Rev. to 1991) § 38a-290 (d), required the plaintiff to submit any underinsured motorist claim to arbitration within two years from the date of the accident. Our Supreme Court held that such a time limitation was valid and enforceable in *McGlinchey* v. *Aetna Casualty & Surety Co.*, 224 Conn. 133, 617 A.2d 445 (1992), and *Hotkowski* v. *Aetna Life & Casualty Co.*, 224 Conn. 145, 617 A.2d 451 (1992). Our Supreme Court had previously held that § 38-175c (b) "obligates insurance companies to pay on a policy's uninsured motorist coverage only *after* the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements . . . ." (Emphasis added; internal quotation marks omitted.) *Continental Ins. Co.* v. *Cebe-Habersky*, 214 Conn. 209, 212, 571 A.2d 104 (1990).

In response to the holdings in *McGlinchey* and *Hotkowski*, the General Assembly enacted P.A. 93-77, effective May 20, 1993. Public Act 93-77 was designed to aid insureds who were in the position of having to exhaust the tortfeasor's policy, a process that could take several years, before being entitled to underinsured motorist benefits under their own policies. At the same time, the insureds were required, pursuant to *McGlinchey* and *Hotkowski*, to submit such claims to their insurers within the time period specified in the policy, typically two years. Section 3 of the act applied retroactively to "claim[s] or action[s] pending on December 8, 1992, or brought after said date and prior to [May 20, 1993]."

On June 29, 1993, four and one-half years after the accident, the plaintiff sent the defendant written notice of her intent to claim underinsured motorist benefits pursuant to her policy. The defendant denied liability,

and in March, 1994, the plaintiff filed this action.[3] The trial court granted the defendant's motion for summary judgment and rendered judgment for the defendant, and this appeal followed.[4]

The plaintiff argues that her case falls within the retroactive provisions of P.A. 93-77 and is thus subject to only a six year contract statute of limitations[5] because the phrase "a claim or action pending" means the "occurrence of an accident which *could give rise* to a cause of action." (Emphasis added.) We are unpersuaded.

It is axiomatic that "[i]n interpreting the language of a statute, the words must be given their plain and ordinary meaning . . . . When the language [of a statute] is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. . . . Indeed, [a]

[3] The plaintiff alleged breach of contract and a violation of the Connecticut Unfair Insurance Practices Act, General Statutes (Rev. to 1995) § 38a-815 et seq., and the Connecticut Unfair Trade Practices Act, General Statutes (Rev. to 1995) § 42-110a et seq.

[4] On June 30, 1995, the plaintiff made a motion to open and set aside the judgment in light of our Supreme Court's holdings in *Serrano* v. *Aetna Ins. Co.*, 233 Conn. 437, 664 A.2d 279 (1995) (holding that retroactive provisions of P.A. 93-77 do not violate United States or Connecticut constitutions); *Stevens* v. *Aetna Life & Casualty Co.*, 233 Conn. 460, 659 A.2d 707 (1995) (holding that judgment not final under § 3 of P.A. 93-77 until action reaches final resolution on timely appeal); and *Bayusik* v. *Nationwide Mutual Ins. Co.*, 233 Conn. 474, 659 A.2d 1188 (1995) (holding that claim filed pursuant to P.A. 93-77 subject only to six year statute of limitations). The trial court denied the plaintiff's motion, and the plaintiff amended her appeal.

[5] The plaintiff relies on *Bayusik* v. *Nationwide Mutual Ins. Co.*, 233 Conn. 474, 659 A.2d 1188 (1995), to argue that her claim is subject only to a six year statute of limitations. The plaintiff's reliance on this case, however, is misplaced. In *Bayusik*, our Supreme Court held that "policies governed by § 3 of P.A. 93-77 are subject . . . to the six year statute of limitations applicable to contract actions generally." Id., 484. The plaintiff in this case cannot receive the benefit of the six year contract statute of limitations because her claim is not within the purview of § 3 of P.A. 93-77, as discussed previously.

basic tenet of statutory construction is that when a statute . . . is clear and unambiguous, there is no room for construction." (Citations omitted; internal quotation marks omitted.) *Oller* v. *Oller-Chiang*, 230 Conn. 828, 848, 646 A.2d 822 (1994).

The plain and ordinary meaning of the phrase "claim or action pending" militates against the plaintiff's interpretation. "Claim" is defined as "a demand for compensation, benefits or payment"; "action" is defined as "a legal proceeding by which one demands enforcement of one's right in a court of justice"; and "pending" is defined as "not yet decided." Webster's Third New International Dictionary. Accordingly, we conclude that in order for a claimant to benefit from the retroactive provisions of P.A. 93-77, an underinsured motorist action or claim must have been initiated by December 8, 1992, and remain pending on that date, or such claim must have been initiated after December 8, 1992, and prior to May 20, 1993. Because the plaintiff neither had an underinsured motorist claim pending on December 8, 1992, nor initiated such a claim until June 29, 1993, P.A. 93-77 does not apply to her claim. The act, though clearly remedial, was designed to benefit a limited class of insureds who had taken some action to protect their rights. The beneficiaries were those who had filed underinsured motorist claims with their carrier, even if untimely, that had not been resolved as of December 8, 1992, the date that *McGlinchey* was released, or those who initiated such a claim or action within the approximately five and one-half months after the release of *McGlinchey*, as provided in the act. The plaintiff does not fall into either category.

The judgment is affirmed.

In this opinion the other judges concurred.