JODI BILODEAU *v.* AETNA CASUALTY AND SURETY COMPANY
(15796)

Dupont, C. J., and Spear and Hennessy, Js.

Submitted on briefs January 29—officially released April 8, 1997

*Steven J. DeFrank* filed a brief for the appellant (plaintiff).

*John L. Hayes* filed a brief for the appellee (defendant).

SPEAR, J. The dispositive issue in this appeal is whether the trial court properly granted summary judgment in favor of the defendant in the plaintiff's action to recover underinsured motorist benefits, where the plaintiff presented her claim for benefits beyond the two year time limit specified in the insurance policy for submitting such claims. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On January 12, 1991, the plaintiff was injured in an automobile accident. At the time of the accident, the plaintiff was insured by the defendant. The insurance contract provided underinsured motorist benefits and required the plaintiff to submit any underinsured motorist claim to arbitration within two years from the date of the accident.[1] On October 24, 1993, she reached a settlement with the tortfeasor's insurance company for the full policy limit of $20,000. On February 1, 1994, more than three years after the accident, the plaintiff filed suit against the defendant, seeking underinsured motorist benefits.[2] The defendant filed a motion for summary judgment, asserting that the plaintiff's claim was time barred. The trial court granted the defendant's motion and this appeal followed.

At the time of the accident giving rise to this action, insureds were required to submit underinsured claims to their insurer within the time period set forth in the insurance contract, typically within two years. See

---

[1] Such a time limit was authorized at the time by General Statutes (Rev. to 1991) § 38a-290 (d). This type of provision was held to be valid and enforceable in *McGlinchey* v. *Aetna Casualty & Surety Co.*, 224 Conn. 133, 617 A.2d 445 (1992), and *Hotkowski* v. *Aetna Life & Casualty Co.*, 224 Conn. 145, 617 A.2d 451 (1992).

[2] The plaintiff conceded that this was the only formal notice provided to the defendant of her intent to claim underinsured motorist benefits.

*McGlinchey* v. *Aetna Casualty & Surety Co.*, 224 Conn 133, 617 A.2d 445 (1992), and *Hotkowski* v. *Aetna Life & Casualty Co.*, 224 Conn. 145, 617 A.2d 451 (1992). Public Acts 1993, No. 93-77 (P.A. 93-77)[3] was intended to regulate such time periods, to "aid insureds who were in the position of having to exhaust the tortfeasor's policy, a process that could take several years, before being entitled to underinsured motorist benefits under their own policies." *Rivera* v. *Allstate Ins. Co.*, 44 Conn. App. 47, 50, 686 A.2d 530 (1996). Section 2 (e) of the act provides that "[n]o insurance company doing business in this state may limit the time within which any suit may be brought against it or any demand for arbitration on a claim be made . . . to a period of less than three years . . . ." Section 3 of the act is a savings clause that applies retroactively to "claim[s] or action[s] pending on December 8, 1992, or brought after said date and prior to [May 20, 1993]."

In *Bayusik* v. *Nationwide Mutual Ins. Co.*, 233 Conn. 474, 483–84, 659 A.2d 1188 (1995), our Supreme Court

[3] Public Acts 1993, No. 93-77, provides in pertinent part: "Sec. 2. . . . (e) No insurance company doing business in this state may limit the time within which any suit may be brought against it or any demand for arbitration on a claim be made on the uninsured or underinsured motorist provisions of a motor vehicle policy to a period of less than three years from the date of accident, provided, in the case of an underinsured motorist claim the insured may toll any applicable limitation period (1) by notifying such insurer prior to the expiration of the applicable limitation period, in writing, or any claim which the insured may have for underinsured motorist benefits and (2) by commencing suit or demanding arbitration under the terms of the policy not more than one hundred eighty days from the date of exhaustion of the limits of liability under all automobile bodily injury liability bonds or automobile insurance policies applicable at the time of the accident by settlements or final judgments after any appeals. . . .

"Sec. 3. . . . *No uninsured or underinsured motorist claim or action pending on December 8, 1992, or brought after said date and prior to the effective date of this act [May 20, 1993], in which a settlement has not been reached or a final judgment has not been rendered prior to the effective date of this act, shall fail by reason of any contractual limitation in a motor vehicle insurance policy which limits the time within which such claim shall be submitted to arbitration or such action shall be commenced*

held that where a plaintiff's underinsured claim is saved by the retroactive provisions of § 3 of P.A. 93-77 a two year contractual limitation in unenforceable, and, instead, the six year statute of limitations controls. In this case, however, the plaintiff does not claim that her action is governed by § 3 of P.A. 93-77. Rather, she argues that § 2 (e) applies retrospectively to invalidate all two year contractual limitations in claims brought after May 20, 1993, and as a result, the six year statute of limitations for contract actions controls her claim. We disagree.

In *Bayusik,* our Supreme Court rejected the argument that § 2 (e) of P.A. 93-77 has retrospective applicability. "[W]e have uniformly interpreted [General Statutes] § 55-3[4] as a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only. . . . The legislature only rebuts this presumption when it clearly and unequivocally expresses its intent that the legislation shall apply retrospectively. . . . The retrospective application of § 2 (e) of P.A. 93-77 would alter the material terms of existing policies, thereby affecting substantive contractual rights and obligations that already had been settled under the express terms of those policies. . . . [W]e conclude that the legislature did not intend to achieve such a result under § 2 (e) of P.A. 93-77.

"Neither the language nor the legislative history of § 2 (e) of P.A. 93-77 supports the conclusion that the legislature intended it to have retrospective application. Unlike § 3 . . . which by its express terms applies retroactively, § 2 (e) is devoid of language suggesting that

*to a period of time less than that allowed under section 38a-336 of the general statutes, as amended by section 2 of this act."* (Emphasis added.)

[4] General Statutes § 55-3 provides: "No provision of the general statutes, not previously contained in the statutes of this state, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect."

it should likewise be applied to modify the terms of contracts already in existence." (Citations omitted; internal quotation marks omitted.) *Bayusik* v. *Nationwide Mutual Ins. Co.*, supra, 233 Conn. 483–84. If the legislature intended to invalidate all two year contractual limitations, it would have done so explicitly. See id., 484. Because the plaintiff's claim is not governed by P.A. 93-77, § 3, and because § 2 (e) does not apply to retroactively invalidate the contractual two year time limit, the plaintiff cannot avail herself of the six year statute of limitations.

The judgment is affirmed.

In this opinion the other judges concurred.

