[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, John Morris, brings this action to recover for injuries sustained as a result of an automobile accident which occurred on June 9, 1993.
At the time, the plaintiff was a passenger in a vehicle operated by one Frederick Callahan.
The Callahan vehicle, a 1978 Coupe DeVille Cadillac, was CT Page 4391 insured by a policy issued by the defendant, Allstate Insurance Company (Policy No. 61 9 055577), which contained limits of liability of $20,000 per person, and $40,000 per accident.
The accident occurred as the Callahan vehicle was traveling southbound on Main Street in the City of Danbury, when it was struck from behind by a vehicle driven by Carmen Cajamarca.
The plaintiff initiated an action against both the operator of the vehicle in which he was a passenger, Fred Callahan, and the operator of the striking vehicle, Carmen Cajamarca.
The action was timely commenced in 1995 (Docket No. CV95-0321106 S), returnable to the Judicial District of Danbury at Danbury.
On November 11, 1998, the plaintiff's counsel received a letter from the attorney for Carmen Cajamarca, stating that his client was uninsured at the time of the June 9, 1993 accident.
Armed with that letter, the plaintiff commenced this action against the Allstate Insurance Company, returnable December 29, 1998, claiming to be entitled to uninsured motorist benefits.
Both actions were consolidated as of February 2, 1999.
The defendant, Allstate Insurance Company, moves for summary judgment, contending that the provisions of its policy require that suit be brought "within two years from the date of the accident."
The plaintiff acknowledges that suit was not brought within two years of the June, 1993 accident, but argues that the provisions of Public Act 93-77 (effective May 20, 1993), render the terms of the policy inapplicable.
Because the two year limitation contained in Policy No. 61 9 055577 does not apply, the plaintiff argues, this action is controlled by the statute of limitations applicable to contract claims, § 52-576(a) of the Connecticut General Statutes.[1]
This action was commenced within six years of the June 9, 1993 accident.
 STANDARD OF REVIEW
CT Page 4392
A trial court may render summary judgment only when documentary evidence, including pleadings and affidavits, demonstrate that no genuine issue of fact remains between the parties, and the moving party is entitled to a judgment as a matter of law. Bartha v. Waterbury House Wrecking Co.,190 Conn. 8, 11 (1983); Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578 (1990). A material fact is defined as one which will make a difference in a result of the case. United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 379 (1969).
In deciding a motion for summary judgment, the trial court must view all evidence in the light most favorable to the nonmoving party. Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202 (1995). The burden is upon the moving party to show quite clearly what the law is and that it excludes any real doubt as to the existence of any genuine issue of material fact.Fogarty v. Rashaw, 193 Conn. 442, 445 (1984).
 SIX YEAR STATUTE OF LIMITATION APPLIES
Public Act 93-77(2)(e), which became effective on May 20, 1993, reads:
 No insurance company doing business in this state may limit the time within which any suit may be brought against it or any demand for arbitration in a claim be made on the uninsured or underinsured motorist provision of a motor vehicle policy to a period of less than three years from the date of the accident, provided, in the case of an underinsured motorist claim the insured may toll any applicable limitation period. . . .
Because this suit involves a claim for uninsured motorist benefits, the tolling provisions applicable to underinsured claims do not apply.
The defendant, Allstate Insurance Company, did not formally change the provisions of its policy through a rider or addendum, in order to conform to the three year standard suggested by Public Act 93-77(2)(e), between the effective date of the act and the accident twenty days later.
The plaintiff therefore argues that if the policy language is silent, the six year statute of limitation controls. CT Page 4393
There is, of course, no serious debate concerning the fact that Public Act 93-77 was remedial in character, and sought to eliminate the application of two year contractual limitations which produced the harsh results of McGlinchey v. Aetna Casualty Surety Co., 224 Conn. 133 (1992); and Hotkowksi v. Aetna Life Casualty Co., 224 Conn. 145 (1992).
In Bayusik v. Nationwide Mutual Ins. Co., 233 Conn. 474
(1995), a case involving an underinsured motorist claim, the Connecticut Supreme Court determined that the six year statute of limitation applicable to contract actions applied, in the absence of an unenforceable two year contractual term.
While recognizing the remedial character and purpose of Public Act 93 77, the court held that the act did not incorporate the three year provision of Public Act 93-77 into existing insurance policies, but that the six year statute was the controlling statute. Bayusik v. Nationwide Mutual Ins. Co., supra, 482-83.
There is no valid reason why a different result should apply here, where an uninsured motorist claim is presented.
Where an insurer has failed to rewrite a policy providing for a two year limitation, the two year limitation is invalid, and the six year statute applicable to contract action applies. AetnaLife Casualty Co. v. Braccidiferro, 34 Conn. App. 833, 842 n. 6 (1994).
The language of Public Act 93-77(2)(e) prohibiting a limitation of "less than three years," indicates that the General Assembly did not set out to impose a three year limitation provision upon all contracts.
Both the language of the statute and the legislative history support this conclusion. Bayusik v. Nationwide Mutual Ins. Co., supra, 485 (colloquy between Rep. Cameron Staples and Rep. Robert Farr).
Because the effective date of Public Act 93-77 predates the June 6, 1993 accident, it is not necessary to give the provisions in question retrospective effect, in order to invalidate the two year contractual limitation (see Bilodeau v. Aetna Casualty Surety Co., 44 Conn. App. 698, 701 (1997). CT Page 4394
The defendant's motion for summary judgment is denied.
Radcliffe, J.