## Thomas Bayusik *v.* Nationwide Mutual Insurance Company et al.
## (15080)

Callahan, Katz, Palmer, Lavery and Ment, Js.

Argued December 8, 1994—decision released June 13, 1995

*Mark A. Milano*, with whom were *Eugene A. Cooney* and, on the brief, *Rodd J. Mantell*, for the appellant-appellee (defendant Aetna Casualty and Surety Company).

*Dominick J. Thomas, Jr.*, with whom was *Christine L. Curtiss*, for the appellee-appellant (plaintiff).

*William F. Gallagher, Cynthia C. Bott, Kurt D. Koehler* and *Thomas J. Airone*, law student intern, filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

PALMER, J. As in the companion case of *Stevens* v. *Aetna Life & Casualty Co.*, 233 Conn. 460, 659 A.2d 707 (1995), which we have also decided today, the principal issue in this appeal concerns the proper application of No. 93-77 of the 1993 Public Acts (P.A. 93-77).[1] The

---

[1] Public Acts 1993, No. 93-77, entitled "An Act Concerning Uninsured and Underinsured Motorists Insurance Coverage," provides:

"Section 1. Section 38a-290 of the general statutes is repealed and the following is substituted in lieu thereof:

"No insurance company doing business in this state shall limit the time within which any suit shall be brought against it or [, with respect to subdivision (d) of this section,] any claim shall be submitted to arbitration on (a) a fidelity or surety bond to a period less than three years from the time when the loss insured against occurs; (b) a construction performance bond to a period less than three years from the date on which the principal last performed work under the contract; (c) a construction payment bond to a period less than three years from the date on which the claimant last performed work or supplied material for which the claim is made; [(d) the uninsured motorist provisions of a motor vehicle insurance policy to a period less than two years from the date of the accident;] and [(e)] *(d)* all other policies to a period less than one year from the time when the loss insured against occurs. THIS SECTION SHALL NOT APPLY TO SUITS AND ARBITRATION CLAIMS UNDER THE UNINSURED OR UNDERINSURED MOTORIST PROVISIONS OF A MOTOR VEHICLE INSURANCE POLICY.

"Sec. 2. Section 38a-336 of the general statutes is repealed and the following is substituted in lieu thereof:

"(a) (1) Each automobile liability insurance policy shall provide insurance, herein called uninsured motorist coverage, in accordance with the regulations adopted pursuant to section 38a-334, with limits for bodily injury or death not less than those specified in subsection (a) of section 14-112, for

## plaintiff, Thomas Bayusik, filed a demand for arbitration under the underinsured motorist provisions of an

the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and underinsured motor vehicles and insured motor vehicles, the insurer of which becomes insolvent prior to payment of such damages, because of bodily injury, including death resulting therefrom. Each insurer licensed to write automobile liability insurance in this state shall provide uninsured motorists coverage with limits requested by the named insured upon payment of the appropriate premium, but the insurer shall not be required to provide such coverage with limits in excess of the limits of the bodily injury coverage of the policy issued to the named insured. No insurer shall be required to provide uninsured motorist coverage to (A) a named insured or relatives residing in his household when occupying, or struck as a pedestrian by, an uninsured or underinsured motor vehicle or a motorcycle that is owned by the named insured, or (B) to any insured occupying an uninsured or underinsured motor vehicle or motorcycle that is owned by such insured.

"(2) Notwithstanding any provision of this section to the contrary, each automobile liability insurance policy issued or renewed on and after July 1, 1984, shall provide uninsured motorist coverage with limits for bodily injury and death equal to those purchased to protect against loss resulting from the liability imposed by law unless the insured requests in writing a lesser amount, but not less than the limits specified in subsection (a) of section 14-112. Such written request shall apply to all subsequent renewals of coverage and to all policies or endorsements which extend, change, supersede or replace an existing policy issued to the named insured, unless changed in writing by the insured.

"(b) An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured motorist coverage, exceed the limits of the insured's uninsured motorist coverage.

"(c) Each automobile liability insurance policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding. With respect to any claim submitted to arbitration on or after October 1, 1983, the arbitration proceeding shall be conducted by a single arbitrator if the amount in demand is forty thousand dollars or less or by a panel of three arbitrators if the amount in demand is more than forty thousand dollars.

"(d) For the purposes of this section, an 'underinsured motor vehicle' means a motor vehicle with respect to which the sum of the limits of liabil-

automobile liability insurance policy issued to him by the defendant Aetna Casualty and Surety Company (Aetna). The arbitration panel denied the plaintiff's claim on the ground that it had not been filed within two years from the date of the accident as required by the policy. The plaintiff thereupon filed an application in the Superior Court to vacate the panel's award. The trial court determined that § 3 of P.A. 93-77 rendered

ity under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made under subsection (b) of this section.

"*(e)* NO INSURANCE COMPANY DOING BUSINESS IN THIS STATE MAY LIMIT THE TIME WITHIN WHICH ANY SUIT MAY BE BROUGHT AGAINST IT OR ANY DEMAND FOR ARBITRATION ON A CLAIM BE MADE ON THE UNINSURED OR UNDERINSURED MOTORIST PROVISIONS OF A MOTOR VEHICLE POLICY TO A PERIOD OF LESS THAN THREE YEARS FROM THE DATE OF ACCIDENT, PROVIDED, IN THE CASE OF AN UNDERINSURED MOTORIST CLAIM THE INSURED MAY TOLL ANY APPLICABLE LIMITATION PERIOD (1) BY NOTIFYING SUCH INSURER PRIOR TO THE EXPIRATION OF THE APPLICABLE LIMITATION PERIOD, IN WRITING, OF ANY CLAIM WHICH THE INSURED MAY HAVE FOR UNDERINSURED MOTORIST BENEFITS AND (2) BY COMMENCING SUIT OR DEMANDING ARBITRATION UNDER THE TERMS OF THE POLICY NOT MORE THAN ONE HUNDRED EIGHTY DAYS FROM THE DATE OF EXHAUSTION OF THE LIMITS OF LIABILITY UNDER ALL AUTOMOBILE BODILY INJURY LIABILITY BONDS OR AUTOMOBILE INSURANCE POLICIES APPLICABLE AT THE TIME OF THE ACCIDENT BY SETTLEMENTS OR FINAL JUDGMENTS AFTER ANY APPEALS.

"Sec. 3. (New) No uninsured or underinsured motorist claim or action pending on December 8, 1992, or brought after said date and prior to the effective date of this act, in which a settlement has not been reached or a final judgment has not been rendered prior to the effective date of this act, shall fail by reason of any contractual limitation in a motor vehicle insurance policy which limits the time within which such claim shall be submitted to arbitration or such action shall be commenced to a period of time less than that allowed under section 38a-336 of the general statutes, as amended by section 2 of this act.

"Sec. 4. This act shall take effect from its passage."

Section 3 of P.A. 93-77 is deemed to be special in nature and, accordingly, has not been codified.

the contractual two year limitation period unenforceable and, further, that the plaintiff's claim was governed by the limitation period prescribed by General Statutes § 38a-336, as amended by § 2 of P.A. 93-77.[2] See footnote 1. Upon concluding that the plaintiff had filed his claim within the limitation period of § 38a-336, as amended,[3] the trial court granted the plaintiff's application to vacate the arbitration award. Aetna appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and Gen-

---

[2] "Public Act 93-77 was enacted in response to our decisions, rendered on December 8, 1992, in *McGlinchey* v. *Aetna Casualty & Surety Co.*, 224 Conn. 133, 617 A.2d 445 (1992), and *Hotkowski* v. *Aetna Life & Casualty Co.*, 224 Conn. 145, 617 A.2d 451 (1992), wherein we concluded that an insurer was entitled to enforce an unambiguous policy provision requiring an insured to file an action for underinsured motorist benefits within two years from the date of the accident. It had been unclear, prior to the publication of *McGlinchey* and *Hotkowski*, whether General Statutes (Rev. to 1987) § 38-27, now revised and recodified as General Statutes § 38a-290, authorized an insurer to limit contractually the period within which a claim for underinsured motorist benefits could be brought and, if so, whether the limitation period was tolled while the insured, in accordance with our decision in *Continental Ins. Co.* v. *Cebe-Habersky*, 214 Conn. 209, 212–13, 571 A.2d 104 (1990), sought to exhaust the liability limits of the tortfeasor's policy as mandated by General Statutes (Rev. to 1989) § 38-175c, now revised and recodified as § 38a-336. Consequently, prior to December 8, 1992, some insureds, either in the good faith but mistaken belief that they were required, under our holding in *Cebe-Habersky*, to exhaust the liability limits of the tortfeasor's policy before filing an action for underinsured motorist benefits, or, in reliance on the holdings of Superior Court decisions, subsequently overruled by *McGlinchey* and *Hotkowski*, that a contractual two year limitation period for the filing of an underinsured motorist claim was unenforceable; see footnote 17; had failed to commence an action for underinsured motorist benefits until more than two years from the date of the accident. After we concluded, in *McGlinchey* and *Hotkowski*, that those claims were barred by the two year limitation period, the legislature enacted § 3 of P.A. 93-77, which precludes an insurer from enforcing, for the category of cases enumerated therein, any contractual limitation period less than that allowed under § 38a-336, as amended by § 2 of P.A. 93-77." *Serrano* v. *Aetna Ins. Co.*, 233 Conn. 437, 443 n.7, 664 A.2d 279 (1995).

[3] All references hereinafter to § 38a-336 include its amendment by § 2 of P.A. 93-77.

eral Statutes § 51-199 (c). We conclude that the plaintiff's claim is governed by the six year statute of limitations applicable to contract actions[4] and not, as the trial court concluded, by § 38a-336. Because the plaintiff filed his claim within six years from the date of the accident, however, we nevertheless affirm the judgment of the trial court.

The facts material to this appeal are not disputed. On July 4, 1986, the plaintiff, while a passenger in an automobile operated by Peter Lesczcak, was injured in a two car accident caused by the negligence of another driver (tortfeasor). The plaintiff was insured under two separate automobile liability policies, one that he had purchased from the named defendant, Nationwide Insurance Company (Nationwide), and a second that had been purchased from Aetna by Adam Lesczcak, the owner of the automobile driven by Peter Lesczcak.[5] As required by law,[6] each of these policies contained coverage for, inter alia, damages and injuries sustained as a result of the negligence of the owner or operator of an underinsured motor vehicle.[7]

The plaintiff commenced an action in March, 1988, against the tortfeasor for damages suffered as a result of the accident. In May, 1989, the plaintiff settled his claim with the tortfeasor for $20,000, thereby exhausting the liability limits of the tortfeasor's policy. On April 11, 1990, the plaintiff filed a written demand for arbitration under both the Aetna and the Nationwide policies. On April 29, 1993, the arbitration panel denied

[4] General Statutes § 52-576 (a) provides in pertinent part: "No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues. . . ."

[5] At the time of the accident, Adam Lesczcak's policy with Aetna contained liability limits of $20,000.

[6] See General Statutes (Rev. to 1989) § 38-175c, now revised and recodified as § 38a-336.

[7] The policies required the defendants to pay underinsured motorist benefits only after the insured had exhausted the liability limits of other applicable insurance policies.

the plaintiff's claim against Aetna[8] on the ground that the plaintiff had failed to make a demand for arbitration within two years from the date of the accident as required under the policy. On May 24, 1993, the plaintiff filed an application to vacate the award, claiming that, inter alia, P.A. 93-77, which took effect on May 20, 1993, restored to the plaintiff the right to seek underinsured motorist benefits under the policy.

The trial court agreed with the arbitration panel that the plaintiff had failed to comply with the Aetna policy's two year limitation period, but concluded that § 3 of P.A. 93-77 rendered the contractual limitation period unenforceable. The trial court further concluded that the plaintiff's claim was governed by the limitation period set forth in § 38a-336, and that the claim satisfied the tolling provisions contained therein. See footnote 1. Accordingly, the trial court rejected the award of the arbitration panel and remanded the case to the panel for further proceedings.

On appeal, Aetna contends that the trial court incorrectly determined that the plaintiff's action was not time barred because, contrary to the conclusion of the trial court, the plaintiff had not satisfied the tolling provisions of § 38a-336.[9] The plaintiff argues that the trial court properly rejected the award of the arbitration panel because he had tolled the three year limitation

[8] The arbitration panel did not resolve the plaintiff's claim against Nationwide. The panel decided to postpone action on the Nationwide claim until after a final adjudication of the Aetna claim, apparently because Nationwide's liability to the plaintiff is secondary to that of Aetna. See General Statutes (Rev. 1993) § 38a-336 (d).

[9] Aetna also claims that § 3 of P.A. 93-77 violates its due process and contractual rights under the United States constitution. We have fully considered, and rejected, identical claims in *Serrano* v. *Aetna Ins. Co.*, 233 Conn. 437, 458, 664 A.2d 279 (1995), which we have also decided today. For the reasons stated therein, we conclude that Aetna's constitutional challenge to § 3 of P.A. 93-77 is without merit.

period of § 38a-336.[10] We conclude that the only limitation period applicable to the plaintiff's claim is the six year statutory limitation period for the filing of contract actions. Because the plaintiff filed his demand for arbitration within six years from the date of the accident, his claim was timely. We therefore affirm the judgment of the trial court.

There is no dispute either that the plaintiff's claim for arbitration was pending on December 8, 1992, or that his case had not been finally concluded on May 20, 1993.[11] Accordingly, the plaintiff's claim falls within the purview of § 3 of P.A. 93-77, and Aetna is precluded from enforcing the two year contractual limitation period to bar the plaintiff's recovery of underinsured motorist benefits. We must determine, however, whether any other limitation period is applicable to the plaintiff's claim.

The trial court held that the plaintiff's demand for arbitration was governed by the limitation period contained in § 38a-336.[12] The trial court further determined that although the plaintiff had not filed a claim within three years from the date of the accident, his claim was

[10] The plaintiff also seeks affirmance of the trial court's judgment on alternate grounds, claiming, inter alia, that the limitation period of § 38a-336 is not applicable to claims governed by § 3 of P.A. 93-77. For the reasons stated hereinafter, we agree.

We note that this claim, properly raised as an alternate ground for affirmance, was instead raised by the plaintiff on cross appeal. Because the claim was briefed in this court and the record provides an adequate basis for its review, we treat the claim as an alternate ground for affirmance.

[11] See Stevens v. Aetna Life & Casualty Co., supra, 233 Conn. 473 (judgment is not final under § 3 of P.A. 93-77 until case has been finally concluded on appeal).

[12] In a decision released subsequent to the articulation rendered by the trial court, the Appellate Court also concluded that the limitation period prescribed by § 38a-336 is applicable to underinsured motorist claims governed by § 3 of P.A. 93-77. Aetna Life & Casualty Co. v. Braccidiferro, 34 Conn. App. 833, 841–43, 643 A.2d 1305 (1994), cert. granted, 232 Conn. 901, 651 A.2d 743 (1995).

saved by the tolling provisions of § 38a-336.[13] On the basis of our reading of the statute, its remedial purpose and its legislative history, we do not agree that the limitation period prescribed by § 38a-336 is applicable to the plaintiff's claim,[14] either by incorporation through § 3 of P.A. 93-77, or by virtue of its retrospective application. We conclude, rather, that the plaintiff's claim is subject only to the six year statute of limitations applicable to contract actions generally.

Section 3 of P.A. 93-77 provides only that no underinsured motorist claim enumerated therein shall fail by virtue of any policy provision requiring a claim to be commenced within a "period of time less than that allowed under section 38a-336 of the general statutes, as amended by section 2 of this act." There is nothing in this language, or in any other language of § 3 of P.A. 93-77, to indicate that the limitation period prescribed by § 38a-336 shall be incorporated into policies governed by § 3 of the act. Furthermore, the interpretation urged by Aetna is incompatible with the purpose of the tolling component of § 38a-336, which provides a means to extend the three year limitation period when an insured has not exhausted the liability limits of the tortfeasor's policy within three years from the date of the accident. That three year period may be tolled only if an insured has notified the insurer in writing of an impending claim or action.[15] The tolling provision was

---

[13] It is unclear whether the trial court concluded that the limitation period prescribed by § 38a-336 has retrospective applicability to the plaintiff's claim, or that its application is mandated by incorporation through § 3 of P.A. 93-77. See also *Aetna Life & Casualty Co.* v. *Braccidiferro*, 34 Conn. App. 833, 841–43, 643 A.2d 1305 (1994), cert. granted, 232 Conn. 901, 651 A.2d 743 (1995).

[14] On appeal, the parties dispute the proper application of the limitation period set forth in § 38a-336 to the facts of this case. Because we conclude that the limitation period prescribed by § 38a-336 is not applicable to the plaintiff's claim, we do not consider the issue.

[15] Under § 38a-336, an insured, in order to toll the three year period, must also commence suit or demand arbitration not more than 180 days after

not enacted, however, until well after the time within which many insureds would have been required to provide the insurer with a notice of claim in satisfaction of the tolling component of § 38a-336.[16] It would be unreasonable to presume, therefore, that the legislature intended to incorporate into existing policies a tolling provision with which many insureds had no opportunity to comply. Finally, the trial court's construction of P.A. 93-77 is not consistent with the remedial purpose of the legislation; see footnote 2; because, under the trial court's interpretation, only some of the otherwise untimely claims that were pending on December 8, 1992, and had not been finally adjudicated prior to May 20, 1993, would be saved. Thus, we conclude that the limitation period prescribed by § 38a-336 is not applicable to the plaintiff's claim by incorporation through § 3 of P.A. 93-77.[17]

We are also unpersuaded that § 2 (e) of P.A. 93-77, which sets forth the minimum limitation period for insurance policies under § 38a-336, has retrospective applicability. "[W]e have uniformly interpreted [General Statutes] § 55-3[18] as a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only. . . . The legislature only rebuts this presumption when it clearly and unequivocally expresses its intent that the legislation shall apply

___

exhausting the liability limits of all applicable policies by settlements or final judgments after any appeals.

[16] Under the trial court's construction of P.A. 93-77, any insured whose policy required a claim to be filed within two years from the date of the accident and who, like the plaintiff, had not filed a claim until more than three years thereafter, would be precluded from recovery unless he or she had satisfied the tolling provisions of § 38a-336.

[17] The legislative history of P.A. 93-77 also supports this conclusion. See discussion that follows.

[18] General Statutes § 55-3 provides: "No provision of the general statutes, not previously contained in the statutes of this state, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect."

retrospectively." (Citations omitted; internal quotation marks omitted.) *Darak* v. *Darak*, 210 Conn. 462, 467–68, 556 A.2d 145 (1989). The retrospective application of § 2 (e) of P.A. 93-77 would alter the material terms of existing policies, thereby affecting substantive contractual rights and obligations that already had been settled under the express terms of those policies. See *Monteiro* v. *American Home Assurance Co.*, 177 Conn. 281, 283, 416 A.2d 1189 (1979) (provision in insurance policy requiring that suit be filed within specific time period controls rights and obligations of parties). Although the legislature has the authority, within constitutional limits, to modify existing contractual relationships; see *Serrano* v. *Aetna Ins. Co.*, 233 Conn. 437, 445–46, 664 A.2d 279 (1995); we conclude that the legislature did not intend to achieve such a result under § 2 (e) of P.A. 93-77.

Neither the language nor the legislative history of § 2 (e) of P.A. 93-77 supports the conclusion that the legislature intended it to have retrospective application. Unlike § 3 of P.A. 93-77, which by its express terms applies retroactively, § 2 (e) is devoid of language suggesting that it should likewise be applied to modify the terms of contracts already in existence. Indeed, the clarity with which the legislature manifested its intention that § 3 of P.A. 93-77 be given retrospective application strongly suggests that the legislature would have been explicit had it intended § 2 (e) to be similarly applied.

Furthermore, the pertinent legislative history squarely supports the conclusion that policies governed by § 3 of P.A. 93-77 are subject not to the limitation period prescribed by § 2 (e) of P.A. 93-77 but, rather, to the six year statute of limitations applicable to contract actions generally. During the floor debate on § 3 of P.A. 93-77 in the House of Representatives, Representative Robert Farr raised this very issue, stating: "As I read the language [of the proposed legislation], it says you

cannot limit an action for less than three years. If a policy is already in force and has a limit of two years on it, since that would not be an enforceable limit, is there now no limit, no [period of] limitation on a claim for uninsured motorists under that existing policy?" 36 H.R. Proc., Pt. 8, 1993 Sess., p. 2746. Representative Cameron C. Staples, a proponent of the proposed legislation, responded that "my understanding is, Representative Farr, that the three year provision would apply in that case." Id. After indicating that the plain language of the statute was not consistent with the interpretation offered by Representative Staples, Representative Farr again posed the question, noting expressly that the six year statute of limitations for contract actions appeared to be the only applicable limitation period under the express terms of the proposed enactment. Id., pp. 2746–49. After again stating that the three year period applied, Representative Staples corrected himself, explaining: "I'd like to make a comment in response to an earlier question to clarify a response that I made to a question from Representative Farr. *It is my understanding that if a contract provides for a period of time less than the three [year period] . . . under this [proposed] statute . . . [then] the two year provision or the provision that is less than three years, would for all intents and purposes be invalid and we would resort to the six year statute of limitations for regular contract actions in those cases.* And so that would be the period of time applicable in that case." (Emphasis added.) Id., pp. 2753–54.

In light of the plain statutory language and the clearly expressed intent of the legislation's proponents, we are persuaded that a claim filed under an insurance policy governed by § 3 of P.A. 93-77 is subject only to the six year statute of limitations applicable to contract actions. Accordingly, the plaintiff was required to have filed his claim for arbitration within six years from the

date of the accident. Because the plaintiff did so, the trial court properly vacated the award of the arbitration panel.

The judgment of the trial court is affirmed.

In this opinion the other justices concurred.