[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATION TO VACATE AND TO CONFIRMARBITRATION AWARD
The parties substantially agree as to the facts. For the purposes of this Memorandum the following facts are relevant.
Defendant made this underinsured motorist claim as a resident of the household of the named insured, her father, Ismael Perez. Mr. Perez's policy with the plaintiff (Prudential) provided for "Protection Against Uninsured Motorists" with limits of liability of $100,000/$300,000. The policy covered two automobiles, a 1979 Ford and a 1974 Chevy. The policy contained an anti-stacking provision.
This matter is based on that underinsured motorist claim against plaintiff that was heard and decided by arbitrators.
The pertinent dates are as follows:
January 30, 1967 Date of birth of defendant
 October 20, 1983 Date of Accident (Defendant age 16)
 October 18, 1985 Suit commenced against tortfeasor Malone
 February 4, 1987 Defendant's attorney (Buemi) letter to Prudential "as notice to Prudential Insurance of my client's intention to pursue a claim pursuant to the underinsured motorists CT Page 1414 coverage in effect at the time of this accident."
 March 23, 1987 Tortfeasor's liability carrier, CIGNA, settled defendant's claims for $20,000 being the full amount of liability coverage. General Release from Perez to tortfeasor given same day.
 March 31, 1987 $20,000 CIGNA check to Perez and Attorney Buemi.
 April 3, 1987 Attorney Buemi letter to Prudential forwarding No-Fault reimbursement of $3,333.50; Perez suit against Malone withdrawn.
 January 30, 1988 3 years after Perez's 18th birthday.
 July 21, 1992 Application for Order to Proceed with Arbitration issued by Attorney Howard Jacobs on behalf of defendant. The order to proceed and order appointing Joseph Aceto as respondent's arbitrator were entered by the court prior to entry of any appearance by counsel for Prudential.
I Scope of Review
The parties agree that if the arbitration in this matter is compulsory the court will review de novo but if voluntary the court only examines the submission and the award to determine if the award conforms to the submission and if there is a substantial basis in the record evidence to support the arbitrator's findings of facts and conclusions.
Arbitration of coverage issues renders the arbitration compulsory as to such issues. Bodner v. United ServicesCT Page 1415Automobile Assn., 222 Conn. 480, 492. As such, those issues are entitled to de novo review. id. 492.
A. Statute of Limitations
There is no time limitation in the subject policy.
The issue of the commencement date is a coverage issue to be decided by this court de novo. Wynn v. MetropolitanProperty Casualty Ins. Co., 30 Conn. 803, 807.
The statute of limitations controlling our case is six years. C.G.S. § 52-576(a).
The date this statute begins to run is "from the date of the accident." Bayusik v. Nationwide Mutual Ins. Co.,233 Conn. 474, 479, 481, 484, and 485-486. The date of our accident was October 20, 1983 and the six years ran to October 20, 1989. Suit was not filed to require arbitration until July 2, 1992. Thus the statute had run.
Application to vacate is granted. Application to confirm is denied.
N. O'Neill Trial Judge Referee