[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO STRIKE DEFENDANT'SAPPORTIONMENT COMPLAINT
CT Page 8859
On January 4, 1997, the plaintiff, Ashley Kramer, through the guardian of her estate, filed a complaint in two counts against the defendant, the Travelers Indemnity Company, to recover uninsured/underinsured motorist benefits under an automobile insurance policy owned by Philip J. Kramer, the plaintiff's father. The plaintiff alleges that she was injured when the automobile operated by David Collard in which she was a passenger collided with a motor vehicle operated by the apportionment defendant, Jill A. St. Onge. Collard, who was killed in the accident carried automobile liability insurance with GEICO Indemnity Company in the amount of $25,000/$50,000. The claims against the GEICO policy made by the plaintiff and the other two injured passengers exhausted the policy's limits of liability. At the time of the accident, the plaintiff was covered under an automobile liability insurance policy issued by the defendant to the plaintiff's father, which included uninsured/underinsured motorist coverage in the amount of $300,000.
On May 14, 1997, pursuant to General Statutes § 52-572h, the defendant filed a complaint seeking apportionment of liability against the apportionment defendant, St. Onge. On June 19, 1997, the plaintiff filed this motion to strike the apportionment complaint on the ground that it is not permissible under General Statutes § 52-572h and that apportionment of liability would frustrate the purpose of uninsured/underinsured motorist coverage. Because of the novelty of the question presented, each ground for the plaintiff's motion to strike the apportionment complaint is discussed separately.
— I —
The plaintiff argues that the purpose of uninsured/underinsured motorist coverage is to provide an injured plaintiff with insurance protection sufficient to fully compensate her to the same extent she would have been compensated if the tortfeasor had carried sufficient insurance. Therefore, if the defendant is permitted to apportion liability, the plaintiff will not be compensated fully for her injuries because she will receive less than she would have received if the driver of the vehicle in which she was a passenger was covered by sufficient insurance, and this would frustrate the purpose of General Statutes § 38a-336. CT Page 8860
The defendant counters that the applicable statute provides that the defendant is obligated to pay only those damages that an insured is legally entitled to recover from an underinsured motorist and therefore, as a threshold matter, the plaintiff must prove the liability of the underinsured motorist in light of any defenses that would have been available to such motorist. Because personal defenses are allowed in a direct action against the tortfeasor and because a claimant under uninsured/underinsured motorist coverage cannot recover more than he could have recovered from the tortfeasor, the defendant argues that apportionment would not frustrate the purpose of the underinsured motorist law in Connecticut.
General Statutes § 38a-336 (b) and (d) obligates an insurer to pay underinsured motorist coverage to a claimant "after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements. . . ." General Statutes § 38a-336 (b). This statute, however, does not address the question of whether a court can apportion liability among co-tortfeasors, one of which is underinsured, and allow an insurer to pay benefits only to the extent of the percentage reflecting the amount of liability attributable to the underinsured tortfeasor.
No case law in Connecticut has been found which deals with the applicability of risk allocation in an underinsured motorist claim pursuant to the tort reform statute, General Statutes §52-572h.
Reference to the Regulations of Connecticut State Agencies promulgated by the insurance commissioner is useful because "an insurer may not . . . reduce its liability for . . . uninsured or underinsured motorist coverage except as § [38a-334-6] of the Regulations of Connecticut State Agencies expressly authorizes."Streitweiser v. Middlesex Mutual Assurance Co., 219 Conn. 371, 377
(1991).
Section 38a-334-6 (d) of the Regulations of Connecticut State Agencies provides for a reduction of the applicable limits of the insurer's liability "to the extent that damages have been (1) paid by or on behalf of any person responsible for the injury, (2) paid or are payable under any workers' compensation or disability benefits law, or (3) paid under the policy in settlement of a liability claim." Significantly, the applicable CT Page 8861 regulations fail to expressly provide for reduction of applicable underinsured motorist coverage in accidents in which more than one tortfeasor may be responsible for the plaintiff's injuries, which is proportional to the percentage of fault attributable to a tortfeasor other than the underinsured.
Section 38a-334-6 of the Regulations of Connecticut State Agencies also provides, in pertinent part, that the "insurer shall undertake to pay on behalf of the insured all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured [or underinsured] motor vehicle because of bodily injury sustained by the insured caused by an accident involving the uninsured [or underinsured] motor vehicle." (Emphasis added.)
Thus, the regulations provide that benefits payable under the underinsured motorist provisions of a policy are to be determined from the perspective of the claimant, not from the perspective of the underinsured driver. Furthermore, the regulations prevent a plaintiff from being overcompensated for damages because the regulations provide for a reduction in underinsured benefits to the extent that the claimant actually has been paid a portion of his or her damages "on behalf of any person responsible for the injury." (Emphasis added.) Regs., Conn. State Agencies §38a-334-6 (d)(1).
In the present case, the defendant argues that it should be able to reduce any payment under the underinsured motorist provision of its policy to the plaintiff by the percentage of fault attributable to the other tortfeasor, St. Onge. If the legislature had intended to provide for a reduction in underinsured benefits for amounts payable by or on behalf of any
person responsible for the injury, it could have so explicitly provided, as it did for benefits payable to the claimant for workers' compensation or disability under § 38a-334-6 (d)(2). It appears that the legislature merely provided for the reduction of benefits where there would otherwise be a double recovery for the claimant. See A. Widiss, Uninsured and Underinsured MotoristInsurance, (2d Ed. 1996) § 17-3, p. 84.
Our Supreme Court has stated that "Payments made pursuant to an uninsured motorist policy are paid on behalf of the insured, and not on behalf of the financially irresponsible motorist who has caused the insured's injuries." Dodd v. Middlesex MutualAssurance Co., 242 Conn. 375, 384 (1997). Nothing in the CT Page 8862 regulations or the legislative history envisions that an insurer can apportion liability among tortfeasors and reduce payments to a claimant accordingly in the context of underinsured motorist claims.
— II —
The Defendant argues further that, under current Connecticut law an insurer is entitled to have liability apportioned between the claimant and the uninsured motorist and the insurer and, therefore, should not be precluded from apportioning liability among multiple tortfeasors as well. This reasoning is questionable because it does not take into account that a claimant's comparative negligence proportionally reduces the total amount of damages that the claimant is `legally entitled to recover,' as that phrase is used in General Statutes §38a-336. Apportionment of liability among multiple tortfeasors, on the other hand, does not reduce the total amount of damages that a claimant is `legally entitled to recover,' but rather, affects only the liability of any individual tortfeasor.
"[T]he insurer is not the alter ego of the tortfeasor and, although its contractual liability is premised in part on the contingency of the tortfeasor's liability, they do not share the same legal [status]. . . . [M]oreover, the mere fact that the insurer's obligation to the insured is measured by the damages caused by the tortfeasor does not, of itself, transform the insurer into a surrogate for the tortfeasor. . . ." Dodd v.Middlesex Mutual Assurance Co., supra 242 Conn. 385.
The Connecticut Supreme Court has noted that
 uninsured motorist insurance operates upon a different set of principles from those upon which automobile liability and property insurance are premised, and that uninsured motorist insurance protects the named insured against risks that are fundamentally different from liability and property insurance. Automobile liability and property insurance covers damage to other persons or motor vehicles for which the named insured or named insured's motor vehicle is, at least in some measure, responsible. . . . In contrast, the purpose of uninsured motorist coverage is to protect the named insured and other additional CT Page 8863 insureds from suffering an inadequately compensated injury caused by an accident with an inadequately insured automobile. Florestal v. Government Employees Ins. Co., 236 Conn. 299, 305
(1996).
An insurer "does not insure the tortfeasor against liability; it insures its policyholder against the risk of inadequate compensation for his compensable injuries." Dodd v. MiddlesexMutual Assurance Co., supra, 242 Conn. 385. Connecticut recognizes the "fundamental principle that the purpose of underinsured motorist insurance is to place the insured in thesame position as, but no better position than, the insured would have been had the underinsured tortfeasor been fully insured."Haynes v. Yale-New Haven Hospital, 243 Conn. 17 (1997).
Defendant is liable for the total amount of damages that the plaintiff is legally entitled to recover under the uninsured/underinsured motorist portion of the applicable insurance policy.
Because of the fundamental difference between uninsured motorist insurance on one hand and liability and property insurance on the other, the fact that damages can be apportioned under a liability policy does not mean that they can be apportioned under an uninsured motorist provision. See GeneralAccident Ins. Co. v. Wheeler, supra, 221 Conn. 206; Streitweiserv. Middlesex Mutual Assurance Co., supra, 219 Conn. 377.
— III —
The plaintiff argues that the defendant cannot bring in the apportionment defendant because Public Act § 95-111(a), codified as General Statutes § 52-102b, does not apply to an action to collect damages under an uninsured/underinsured motorist benefits provision of an insurance policy because an action to recover uninsured/underinsured motorist benefits sounds in contract rather than in tort. Therefore, General Statutes § 52-572 does not apply and, consequently, the defendant cannot avail itself of General Statutes § 52-102b(a).
Defendant claims these arguments tend to oversimplify the issue; because (1) in order to recover benefits, the claimant must prove the uninsured motorist's fault; and (2) the insurer is entitled to substantive defenses, such as contributory negligence CT Page 8864 of the claimant, which are normally not associated with an action on a contract. The defendant further argues that, if the driver of the vehicle in which the plaintiff was a passenger was ten percent liable for the accident and carried sufficient insurance, the plaintiff would have only been able to recover ten percent of her damages from this tortfeasor's insurer, and thus, if apportionment is unavailable, by choosing to exhaust only one tortfeasor's liability policy and pursuing an underinsured motorist claim under her own policy, the plaintiff is in a position to recover one hundred percent of her damages.
The obligation of an insurance carrier providing uninsured motorist coverage as part of its liability insurance coverage on the automobile of the insured person is a contractual obligation arising under the policy of insurance. Dodd v. Middlesex MutualAssurance Co., supra, 242 Conn. 375. The contractual nature of insurance and the commercial relationship between the insurer and insured are not altered by any peculiarities of uninsured motorist coverage. Harlach v. Metropolitan Property LiabilityIns. Co., 221 Conn. 185, 190 (1992). Furthermore, our Supreme Court has held that the applicable statute of limitations on an underinsured motorist claim is the six years statute of limitations applicable to all contract actions. Bacyusik v.National Mutual Ins. Co., 233 Conn. 474, 485 (1995). All these considerations invite the conclusion that an action under an uninsured motorist provision in an insurance policy is clearly an action in contract and therefore General Statutes § 52-572h
does not apply to the present action because, by its express terms, it applies only to tort actions.
It follows, therefore that the defendant cannot file an apportionment complaint against St. Onge pursuant to General Statutes § 52-102b because the statute authorizes apportionment only in actions to which General Statutes §52-572h applies.
For all the foregoing reasons, plaintiff's motion to strike the defendant's apportionment complaint is granted.
WAGNER, J.