PRUDENTIAL PROPERTY AND CASUALTY
INSURANCE COMPANY *v.* JUDITH
PEREZ-HENDERSON
(AC 16965)

Foti, Landau and Spear, Js.

Argued March 30—officially released August 4, 1998

*F. Herbert Gruendel,* for the appellant (defendant).

*Robert G. Oliver,* with whom, on the brief, was *Carolyn P. Gould,* for the appellee (plaintiff).

*Opinion*

SPEAR, J. In this underinsured motorist case, the defendant, Judith Perez-Henderson, appeals from the judgment of the trial court granting the plaintiff's application to vacate the arbitrator's award and denying the defendant's application to confirm the award. She claims that the trial court improperly (1) reviewed de novo the issue of when the statute of limitations commenced and (2) ruled that the six year statute of limitations began to run on the date of the accident. We reverse the judgment of the trial court.

On October 20, 1983, the defendant, then sixteen years old, suffered permanent injuries as a result of an automobile accident. At the time of the accident, the defendant was insured for uninsured-underinsured motorist protection through a policy owned by her father. The policy contained an arbitration clause providing that if an agreement could not be reached, the matter would be submitted to arbitration. The provision did not contain a limitation on the time within which to bring a claim, but stated that the plaintiff would not

be obligated to pay an underinsured motorist claim until all underlying insurance was exhausted.

The defendant's suit against the driver of the automobile was settled on March 23, 1987, for $20,000, the full amount of the tortfeasor's liability coverage. On July 21, 1992, the defendant filed an application for an order to proceed with arbitration. The trial court granted the application, and the arbitrators awarded damages to the defendant in the amount of $60,567.

The plaintiff filed an application to vacate the arbitration award, and the defendant filed a counterclaim to confirm the award. The trial court granted the plaintiff's application to vacate and rejected the defendant's counterclaim for confirmation of the arbitration award. This appeal followed.

I

The defendant claims that the trial court improperly ruled that the date on which the statute of limitations commenced was an issue to be reviewed de novo. Specifically, she claims that the trial court improperly found that the arbitration proceedings were compulsory and afforded de novo review to the statute of limitations claim.[1] We agree with the trial court that its review was de novo, but for a different reason.

It is undisputed that the parties were required by General Statutes § 38a-336[2] to submit issues of coverage

---

[1] The trial court did not expressly state that arbitration was compulsory. Such a conclusion necessarily follows from the trial court's ruling that the commencement date of the statute of limitations is a coverage issue subject to de novo review because General Statutes § 38a-336 (c) provides for binding arbitration of coverage issues. Issues subject to compulsory arbitration can be reviewed de novo by the court. *American Universal Ins. Co.* v. *DelGreco*, 205 Conn. 178, 187–91, 530 A.2d 171 (1987).

[2] General Statutes § 38a-336 (c), formerly § 38-175c (a)(1)(B), provides in relevant part: "Each automobile liability insurance policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding. . . ."

to arbitration. It is also undisputed that the defendant's insurance policy did not contain a limitation period in which a claim could be made. The trial court ruled that the commencement date of the statute of limitations was a coverage issue to be decided by the court. In *Wynn* v. *Metropolitan Property & Casualty Ins. Co.*, 30 Conn. App. 803, 805–807, 623 A.2d 66 (1993), aff'd, 228 Conn. 436, 635 A.2d 814 (1994), we held that the applicability of the statute of limitations to the plaintiff's underinsured motorist claim was a question of arbitrability rather than a question of coverage. Where, as here, the contract does not commit the question of arbitrability to the arbitrators,[3] it is a threshold issue to be decided by the court. Id., 807.

"The distinctions between coverage issues and arbitrability issues have not always been readily apparent. Although no bright line rule has emerged, the cases demonstrate that the hallmark of a coverage issue is that it necessarily involves an analysis of the scope of coverage as provided by the terms of the policy. Consequently, a coverage issue is one that is governed wholly by the policy language . . . or involves the interpretation of both statutory and policy language . . . or otherwise implicates the scope of coverage afforded by the terms of the policy. . . .

"An issue of arbitrability, by comparison, is one that addresses the arbitrability of the claim and is capable of being decided by the court as a matter of law irrespective of the terms of the policy . . . . [O]ur Supreme Court recognized this distinction in holding that the question of whether the statutory duty to arbitrate coverage issues applied to motorcycle insurance policies

---

[3] The arbitration clause provided in relevant part: "The actual amount we'll pay under this part will be determined by agreement between the injured person and us. If no agreement can be reached, upon written demand of either party, the matter will be submitted for arbitration. . . . Both we and the injured person agree to be bound by the decision of the arbitrators."

was a threshold legal issue for the court to decide. The court explained that '[t]his appeal is distinguishable from the [coverage] cases cited in that here there is a dispute as to whether the dictates of [the statute] apply to the policies in question, not just a dispute over the scope of coverage mandated by the [statute].' " (Citations omitted.) Id., 806–807.

As in *Wynn*, in this case "there is no dispute over the scope of coverage provided by the policy. The only question is whether the plaintiff is entitled to compel arbitration. That is precisely the question the trial court is charged with deciding. . . . In making that determination, the trial court did not need to interpret the policy language as the policy contained no time limitation for demanding arbitration; the court needed only to apply the statutory limitation period." (Citations omitted.) Id., 807.

Here, the applicability of the statute of limitations arose in an application to vacate the award rather than as a threshold issue for the court to decide prior to arbitration. We conclude that de novo review by the court is proper, nevertheless, pursuant to *White* v. *Kampner*, 229 Conn. 465, 641 A.2d 1381 (1994). "[T]here are two procedural routes by which a party may preserve the issue of arbitrability of a particular dispute for judicial determination. First, a party may refuse to submit to arbitration at the outset and instead compel a judicial determination of the issue of arbitrability. . . . Alternatively, threshold questions of arbitrability may properly be committed to the arbitrators themselves for determination under the terms of the contract, along with the merits of the underlying dispute. . . . In such cases a court, on a motion to vacate, may properly entertain a challenge to an award alleging disregard of the limits in the parties' agreement with respect to arbitration." (Citations omitted; internal quotation marks omitted.) Id., 476.

The plaintiff took the alternative route of challenging the application of the statute of limitations, i.e. arbitrability, by way of an application to vacate.[4] The issue of whether the defendant's claim was barred by the six year statute of limitations that governs contract actions was raised before the arbitrators. In a majority decision, the arbitrators (one arbitrator dissenting) found that the claim was timely made. Because the statute of limitations claim presented a question of arbitrability, the trial court's de novo review was proper.

## II

The defendant next claims that the trial court improperly determined that the statute of limitations period began to run on the date of the accident. We agree.

The following facts are undisputed. The defendant was injured in an accident on October 20, 1983. The tortfeasor's insurance policy was exhausted on March 31, 1987. The defendant filed an application for an order to proceed with arbitration on July 21, 1992. The determinative question before us is, therefore, whether the plaintiff's cause of action under the insurance policy "accrued" on October 20, 1983, the date of the accident, or on March 31, 1987, the date that the tortfeasor's policy was exhausted.

General Statutes § 52-576 (a) provides in relevant part that "[n]o action . . . on any contract in writing, shall be brought but within six years after the right of action accrues . . . ." "Applied to a cause of action, the term to accrue means to arrive; to commence; to come into existence; to become a present enforceable demand. *Eising* v. *Andrews*, 66 Conn. 58, 64, 33 A. 585 (1895). *D'Occhio* v. *Connecticut Real Estate Commission*, 189

---

[4] The defendant claims that the plaintiff waived any arbitrability challenge by failing to appear in court to respond to the defendant's application to compel arbitration. This claim was not presented to the trial court. Therefore, we will not review it. Practice Book (1998 Rev.) § 60-5, formerly § 4061.

Conn. 162, 182, 455 A.2d 833 (1983)." (Internal quotation marks omitted.) *Balboa Ins. Co.* v. *Zaleski*, 12 Conn. App. 529, 533–34, 532 A.2d 973, cert. denied, 206 Conn. 802, 535 A.2d 1315 (1987). " 'While the statute of limitations normally begins to run immediately upon the accrual of the cause of action, some difficulty may arise in determining when the cause or right of action is considered as having accrued. The true test is to establish the time when the plaintiff first could have successfully maintained an action.' *Gaylord Hospital* v. *Massaro*, 5 Conn. App. 465, 467, 499 A.2d 1162 (1985)." *Wynn* v. *Metropolitan Property & Casualty Ins. Co.*, supra, 30 Conn. App. 807–808.

The plaintiff relies on *Bayusik* v. *Nationwide Mutual Ins. Co.*, 233 Conn. 474, 659 A.2d 1188 (1995), in support of its claim that the six year statute of limitations begins to run on the date of the accident. This reliance is misplaced. It is true that the *Bayusik* court said that because the six year statute of limitations on contract actions applied to the plaintiff's underinsured motorist claim, "the plaintiff was required to have filed his claim for arbitration within six years from the date of the accident." Id., 485–86. This statement was made in the context of construing Public Acts 1993, No. 93-77, § 2 (e), now codified as General Statutes § 38a-336 (g). That statute provides in relevant part that "[n]o insurance company . . . may limit the time within which . . . any demand for arbitration on a claim may be made on the . . . underinsured motorist provisions of an automobile liability insurance policy to a period of less than three years from the date of accident . . . ."

Here, the plaintiff concedes that this statute does not apply because the plaintiff did not avail itself of the right to insert such a time limit in the contract. In *Bayusik*, the court invalidated the two year time limit contained in the contract at issue pursuant to P.A. 93-77 and reasoned that the six year statute of limitations

period had to be applied. The statute permitted insurers to set up a statute of limitations within the policy that commenced to run from the date of the accident. The court in *Bayusik*, after invalidating the stated two year time limit, simply applied the six year statute of limitations from the *agreed upon date*, i.e., the date of the accident.[5]

In the present case, the arbitration clause contained in the defendant's insurance policy did not contain a limitation on the time within which to bring a claim, but stated that the provider would not be obligated to pay an underinsured motorist claim until all underlying insurance was exhausted. The defendant could not have maintained an action against the plaintiff, therefore, until all underlying insurance was exhausted. This did not occur until March 31, 1987. Therefore, the defendant's application to compel arbitration was timely filed on July 21, 1992. The trial court improperly determined that the statute of limitations began to run on the date of the accident and, therefore, improperly granted the plaintiff's application to vacate the arbitration award on the grounds that it was time barred.

The judgment is reversed and the case is remanded with direction to render judgment denying the application to vacate the award and for the defendant on her counterclaim for confirmation of the award.

In this opinion the other judges concurred.

---

[5] It is important to note that in *Bayusik*, our Supreme Court did not have to decide the question of whether the statute of limitations period began to run on the date of the accident or on the date of the exhaustion of the insurance policy. First, the insurance contract provided that the statute of limitations period began to run on the date of the accident. Second, the plaintiff filed her underinsured motorist claims within six years of both the date of the accident and the date of exhaustion of the insurance policy. *Bayusik* v. *Nationwide Mutual Ins. Co.*, supra, 233 Conn. 480.