[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this application to compel arbitration, the court is asked to decide on what date a six year statute of limitation begins to run to enforce underinsured motorist coverage in an insurance policy.
There Is no factual dispute about the operative dates. The plaintiffs Joseph Consiglio and John Mathis were the driver and passenger, respectively, in a pickup truck that was involved in an accident on April 24, 1989. Their vehicle was struck from behind by a vehicle driven by Levi George, Jr., causing personal injuries to the plaintiffs. The plaintiffs commenced a lawsuit for personal injuries against George by service of process on March 24, 1991. That lawsuit resulted in a monetary settlement and a withdrawal of the action on June 8, 1995. There is no dispute that this settlement exhausted the limits of the torfeasor's liability insurance policy.
Thereafter on May 16, 1997, the plaintiffs made demand for arbitration of their underinsured motorist claim to the defendant Transamerica Insurance Group, the company that had written the insurance policy covering the pickup truck. When no agreement to arbitrate was reached, the plaintiffs commenced this action by service of process on September 17, 1997.
The Transamerica insurance policy includes an endorsement for uninsured/underinsured motorist coverage which contains no time limit for making a claim. It states that Transamerica "will pay only after all liability bonds or policies have been exhausted by judgments or payments." UM Endorsement, ¶ A, 2.
Both sides agree that the applicable statute of limitations is Conn. Gen.Stat. § 52-576, which provides that an action to enforce a contract must be brought "within six years after the right of action accrues." The question is whether the right of action accrued in 1995 when the lawsuit against the tortfeasor was settled, exhausting the limits of his liability policy, or whether it accrued in 1989, when the accident occurred. CT Page 1845
The Supreme Court in Bayusik v. Nationwide Mutual InsuranceCompany, 233 Conn. 474 (1995) considered a related question involving the statute of limitations in a claim for uninsured motorist coverage. In applying 52-576 in that case, as opposed to a two year limitation which the insurance contract had attempted to impose, the court determined that the claimant was required to have filed his claim for arbitration within six years "from the date of the accident." Id., 485-86.
The issue was not squarely before the court, however, as noted in the recent case of Prudential Property CasualtyInsurance Company v. Perez-Henderson, 49 Conn. App. 653 (1998). The issue as presented in Prudential is precisely that presented here. The Appellate Court held:
 In the present case, the arbitration clause contained in the defendant's insurance policy did not contain a limitation on the time within which to bring a claim, but stated that the provider would not be obligated to pay an underinsured motorist claim until all underlying Insurance was exhausted. The [claimant] could not have maintained an action against the [insurer], therefore, until all underlying insurance was exhausted . . . The trial court improperly determined that the statute of limitations began to run on the date of the accident [rather than the date of settlement of the liability claim against the tortfeasor].
Id., 660.
Were this court to analyze the case according to the reasoning of the Supreme Court in Bayusik, supra, there would likely be a different result. This court is constrained to follow the holding of the Appellate Court in Prudential, supra, since the facts of that case appear to be indistinguishable from the case at bar.
The statute of limitations on the plaintiffs claim began to run in 1995 and it presents no bar to the arbitrability of the plaintiff's claim. The Application for Order Compelling Arbitration is granted.
Pittman, J. CT Page 1846