JOSEPH CONSIGLIO ET AL. *v.* TRANSAMERICA INSURANCE GROUP
(AC 18796)

Landau, Hennessy and Dupont, Js.

Argued May 26—officially released September 28, 1999

---

*Joel M. Fain*, with whom, on the brief, were *William E. Murray* and *Alfred P. Forino*, for the appellant (defendant).

*Steven D. Jacobs*, for the appellees (plaintiffs).

LANDAU, J. The defendant, Transamerica Insurance Group (Transamerica), appeals from the judgment of the trial court granting the plaintiffs'[1] application for an order compelling arbitration of their claim for underinsured motorist benefits. On appeal, Transamerica claims that the trial court improperly relied on this court's decision in *Prudential Property & Casualty Ins. Co.* v. *Perez-Henderson*, 49 Conn. App. 653, 714 A.2d 1281, cert. denied, 247 Conn. 917, 722 A.2d 807 (1998) (*Prudential*). Specifically, Transamerica extends two invitations to us: first, it invites us to revisit *Prudential* and reverse the ruling in that case and second, so as to accomplish the first request, entreats this court, in effect, to go behind our Supreme Court's opinion in *Bayusik* v. *Nationwide Mutual Ins. Co.*, 233 Conn. 474, 659 A.2d 1188 (1995), and "[closely examine] the Supreme Court records and briefs in [that case] . . . ." We decline to do either and affirm the judgment of the trial court.

Due to the nature of the claim on appeal, only a bare bones recitation of the virtually undisputed facts is necessary. On April 24, 1989, the plaintiffs Joseph Consiglio and John Mathis, the driver and passenger of a motor vehicle, respectively, were involved in an accident. The tortfeasor, Levi George, Jr., drove the vehicle that struck the plaintiffs' vehicle from behind,

---

[1] The plaintiffs are Joseph Consiglio, Donna Consiglio, John Mathis and Carol Mathis.

causing the plaintiffs' personal injuries. An action, commenced on March 24, 1991, resulted in a monetary settlement, which exhausted the limits of the tortfeasor's liability insurance policy and a withdrawal of the action on June 8, 1995. Thereafter, on May 16, 1997, the plaintiffs made a demand for arbitration of their underinsured motorist claim to Transamerica, the company that issued the insurance policy that covered the plaintiffs' vehicle. When the parties failed to reach an agreement to arbitrate, the plaintiffs filed an application to compel arbitration on September 17, 1997.

The trial court found that the applicable insurance policy "includes an endorsement for uninsured-underinsured motorist coverage which contains no time limit for making a claim. It states that Transamerica 'will pay only after all liability bonds or policies have been exhausted by judgments or payments.' " At the hearing, all parties agreed that the applicable statute of limitations is General Statutes § 52-576, which provides that an action to enforce a contract must be brought "within six years after the right of action accrues . . . ." The issue before the trial court was whether the right of action accrued in 1995, when the action against the tortfeasor was settled, exhausting the limits of his liability policy, or whether it accrued in 1989, when the accident occurred. In granting the application to compel arbitration, the trial court stated that "[t]he statute of limitations on the plaintiffs' claim began to run in 1995, and it presents no bar to the arbitrability of the plaintiffs' claim." The trial court distinguished the claim from that made to our Supreme Court in *Bayusik* v. *Nationwide Mutual Ins. Co.*, supra, 233 Conn. 474, and found, instead, that the claim was precisely the same as the claim presented to this court in *Prudential Property & Casualty Ins. Co.* v. *Perez-Henderson*, supra, 49 Conn. App. 653. The trial court concluded, therefore, that it

was bound by this court's decision in *Prudential*. This appeal followed.

The issue before this court is clear: Transamerica invites us to reverse our decision in *Prudential*. We decline, however, to accept that invitation. Our review of the record in this case persuades us that the trial court correctly concluded that *Prudential* controls the outcome of the present case. In *Bayusik*, the insurance contract required that the plaintiff make a demand for arbitration within two years from the date of the accident. *Bayusik* v. *Nationwide Mutual Ins. Co.*, supra, 233 Conn. 480. Our Supreme Court held that such a time limitation was valid and enforceable in *McGlinchey* v. *Aetna Casualty & Surety Co.*, 224 Conn. 133, 140–41, 617 A.2d 445 (1992), and in *Hotkowski* v. *Aetna Life & Casualty Co.*, 224 Conn. 145, 152, 617 A.2d 451 (1992). Thereafter, the General Assembly enacted Public Acts 1993, No. 93-77, effective May 20, 1993, which the *Bayusik* court interpreted to mean that policies governed by Public Act 93-77, § 3, are subject, not to the limitation period prescribed by § 2 (e) of that act, now codified as General Statutes § 38a-336 (g), but, rather, to the six year statute of limitations applicable to contract actions in general. *Bayusik* v. *Nationwide Mutual Ins. Co.*, supra, 482. The insurance policy on which *Bayusik* was decided required the defendants to pay underinsured motorist benefits only after the insured had exhausted the liability limits of other applicable policies. Nonetheless, after the *Bayusik* court invalidated the stated two year statute of limitations, it applied the six year statute of limitations from the *date provided for in the policy*, the date of the accident, and not from the date of the exhaustion of the policy limits. Id., 485–86.

In *Prudential*, the insurance policy did not contain a limitation on the time within which to bring a claim, but, rather, "stated that the provider would not be obligated to pay an underinsured motorist claim until all

138

underlying insurance was exhausted." *Prudential Property & Casualty Ins. Co.* v. *Perez-Henderson,* supra, 49 Conn. App. 660. As in *Prudential,* the plaintiffs in this case could not have maintained an action against Transamerica until all underlying insurance was exhausted, which did not occur until June 8, 1995. Furthermore, as in *Prudential,* the policy in this case did not indicate the date by which the plaintiffs had to make demand for arbitration. Therefore, pursuant to *Prudential,* the plaintiffs timely filed their application to compel on May 16, 1997.[2]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] Even if *Prudential* were not on point with the facts of this case, this court's policy dictates that one panel should not, on its own, reverse the ruling of a previous panel. The reversal may be accomplished only if the appeal is heard en banc. Before a case is assigned for oral argument, the chief judge may order, on the motion of a party or suo moto, that a case be heard en banc. Practice Book § 70-7 (a). This appeal is a figurative descendant of Don Quixote; M. Cervantes, Don Quixote de la Mancha (1615); fully armored, tilting at windmills, which seeks to overturn a trial result that was preordained from the moment Transamerica failed to invoke the applicable rule of practice and thereby precluded our consideration of its request.