[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 134)
According to the revised complaint, the plaintiff, Mary Ann Rinaldi, was injured in an automobile accident in Florida on June 4, 1995. At the time of the accident, Mary Ann Rinaldi was a passenger in a car being driven by her husband. The car the Rinaldis were in was hit from behind by an uninsured motorist. At the time of the accident, the Rinaldis had an automobile insurance policy with the defendant, Metropolitan Property Casualty. The policy provided for uninsured motorist coverage. The plaintiff submitted a claim to Metropolitan for uninsured motorist benefits for compensation for her injuries. She alleges that Metropolitan disputed the damages owed to her and has refused to pay her claim. On December 26, 1996. the plaintiff instituted this action against Metropolitan. On September 10, 1998, the court, Ford, J., granted Metropolitan's motion to cite in Alamo Rent-A-Car as an additional defendant. On September 16, 1998, Metropolitan served a cross-complaint on Alamo, asserting that, the vehicle the Rinaldis were in at the time of the accident was owned by Alamo and that pursuant to Public Act 93-297, Alamo had sole primary responsibility for Mary Ann Rinaldis injuries. On May 21, 1999, Alamo filed a motion for summary judgment claiming that, pursuant to the rental agreement between Alamo and the Rinaldis, the Rinaldis own insurance carrier, Metropolitan, was primary, and, CT Page 14985-ah therefore, responsible for the payment of uninsured motorist benefits. On November 30, 1999, the court, Melville, J., denied Alamo's motion for summary judgment on the ground that there is a genuine issue of material fact as to whether Alamo's insurance is primary.
On June 7, 2000, Alamo filed a special defense in which it asserts that Metropolitan's cross complaint is barred by the limitations of General Statutes § 52-584 and § 52-577. Alamo again moved for summary judgment, this time on the ground that the action is barred by a two-year statute of limitations applicable to tort actions, pursuant to General Statutes § 52-584. Alamo filed a memorandum of law in support of its motion. Metropolitan has objected.
Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Witt v. St. Vincent's Medical Center,252 Conn. 363, 368, 746 A.2d 753 (2000). The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which under applicable principles of substantive law, entitle him to a judgment as a matter of law and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Id. Summary judgment may be granted where the claim is barred by the statute of limitations. Dotyv. Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996).
In its motion for summary judgment, Alamo argues that because Metropolitan's cross-complaint arises out of the plaintiff's negligence action, it is governed by a three-year statute of limitations found in General Statutes § 52-584. General Statutes § 52-584 provides in pertinent part:
 No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within three years from the date of when the injury is first sustained . . .
In response, Metropolitan argues that its cross-complaint is premised on the rental agreement between the Rinaldi's and Alamo, and thus is an action based on a contract. Therefore, Metropolitan argues, the applicable statute of limitations is six years, as set forth in General Statutes § 52-576, which provides in pertinent part: "No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action CT Page 14985-ai accrues. . . ." This court agrees.
The Supreme Court has held claims for uninsured motorist benefits of an insurance policy are governed by the six-year statute of limitations applicable to contracts. See Bayusik v. Nationwide Mutual Ins. Co.,233 Conn. 474, 485, 659 A.2d 1188 (1995).[1] In the present case, the plaintiff brought the underlying action against Metropolitan for breach of contract, and not against the tortfeasor for negligence. In addition, the cause of action asserted in Metropolitan's cross claim is also based on a contract, the rental agreement between the plaintiff and Alamo. While it is true that the plaintiff would not have instituted this action if not for the negligence of the uninsured driver, the plaintiff's cause of action, and Metropolitan's cross claim, are premised on the insurance policy and the rental agreement, respectively. Therefore, Metropolitan's cause of action is based on contract, and the six-year statute of limitation, provided for in General Statutes § 52-576, is applicable. Accordingly, Alamo's motion for summary judgment is herebyDENIED.
MELVILLE, J.