JUNIOUS NORFLEET *et al.*, Plaintiffs-Appellants, v. SAFEWAY INSURANCE COMPANY, Defendant-Appellee.

First District (1st Division)   No. 84—3010

Opinion filed June 2, 1986.

Martin C. Ashman, Ltd., of Chicago (Stephen J. Block, of counsel), for appellants.

Parrillo, Weiss & Moss, of Chicago (Kimberly S. Gladding, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs, driver and passengers in an automobile allegedly struck by an uninsured motorist on June 17, 1967, brought an action for declaratory relief against defendant, Safeway Insurance Company, seeking a determination of their rights under the uninsured motorist and arbitration provisions of the automobile insurance policy issued by defendant to plaintiff driver. Plaintiffs sought a declaratory judgment that, *inter alia*, defendant had no right to deny coverage under the policy and that the defendant must submit to arbitration under the terms of the policy if an amicable settlement cannot be reached. The trial court granted defendant's motion to dismiss on the ground that the cause was barred by the statute of limitations. On appeal, plaintiffs contend that: (1) the initiation of arbitration tolled the running of the statute of limitations; (2) the statute of limitations commenced to run when defendant unequivocally refused to comply with the arbitration provision of the policy; and (3) in the alternative, defendant is estopped from asserting the statute of limitations on the ground that defendant's conduct lulled plaintiffs into a false sense of security which caused them to delay filing the suit. For the reasons that follow, we affirm the judgment of the trial court.

The record reveals the following facts pertinent to this appeal. On June 17, 1967, the automobile in which plaintiffs were riding was allegedly struck by an uninsured motorist. Pursuant to the uninsured motorist provision of the policy issued by defendant to plaintiff driver, defendant was promptly notified of the accident. Following a four-year period of unsuccessful attempts by the parties to reach a settlement, a determination was made by plaintiffs to invoke the arbitration provision of the policy which provides, in pertinent part:

> "If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount payable hereunder, then each party shall, upon written demand of either, select a competent and disinterested arbitrator. The two arbitrators so named shall select a third arbitrator, or if unable to agree thereon within 30 days, then

upon request of the insured or the company such third arbitrator shall be selected by a judge of a court of record of the county and state in which such arbitration is pending."

Pursuant to the above provision, plaintiffs selected an arbitrator on June 15, 1971, and defendant appointed its arbitrator approximately four months later. The two appointed arbitrators never selected a third arbitrator and neither plaintiffs nor defendant requested the court to do so. On December 19, 1978, plaintiffs changed their arbitrator and notified defendant via certified mail of the change. Defendant did not respond to plaintiffs' letter and a third arbitrator was never selected.

Finally, on December 5, 1982,[1] defendant notified plaintiffs that it would not arbitrate the claim because of the length of time which had expired since the original accident. Consequently, on January 12, 1983, plaintiffs filed their complaint for declaratory relief which was dismissed on September 27, 1983, for failure to timely file within the appropriate limitations period. Thereafter, following denial of their motion to reconsider, plaintiffs filed an amended complaint for declaratory relief which added an estoppel count. The trial court granted defendant's motion to dismiss the amended complaint on the ground that the cause was barred by the statute of limitations. Plaintiffs' appeal followed.

■ At the outset, we note that the parties concur that plaintiffs' cause of action is predicated upon a breach of contract, and, thus, the 10-year statute of limitations applies. (Ill. Rev. Stat. 1985, ch. 110, par. 13—206; *Burgo v. Illinois Farmers Insurance Co.* (1972), 8 Ill. App. 3d 259, 290 N.E.2d 371.) However, the parties do not agree as to when the limitations period commenced to run. Plaintiffs argue two conflicting positions with respect to this issue, neither of which we find persuasive. First, plaintiffs contend that the initiation of arbitration proceedings tolled the running of the limitations period. Plaintiffs define the initiation of arbitration proceedings as the appointment of the two arbitrators in 1971. Thus, according to this argument, the limitations period had to have commenced to run prior to 1971. In direct contradiction to this position, plaintiffs further argue that the limitations period did not commence to run until defendant breached

---

[1]We note that throughout the briefs, the parties refer to December 5, 1983, as the date on which defendant refused to arbitrate. However, because the original complaint, which was predicated on defendant's refusal to arbitrate, is dated January 12, 1983, and all other initial pleadings are also prior to December 5, 1983, we take judicial notice that the date on which defendant refused to arbitrate was December 5, 1982.

the contract by unequivocably refusing to arbitrate approximately 10 years after the appointment of arbitrators.

■ We find plaintiffs' first position that the appointment of the arbitrators tolled the running of the statute unpersuasive for two reasons. First, it is unsupported by legal authority. Second, in our view, the appointment of a partial board of arbitrators cannot logically constitute "initiation" of arbitration proceedings. At the very least, there must be a full panel of arbitrators selected before the proceedings could commence. See *West Towns Bus Co. v. Division 241 Amalgamated Association of Street Electric Railway & Motor Coach Employees of America, AFL-CIO* (1960), 26 Ill. App. 2d 398, 168 N.E.2d 473.

■ With respect to plaintiffs' second position, we concur with the trial court's determination that defendant breached the policy when it failed to comply with plaintiffs' arbitration demand within a reasonable period of time. The court defined a reasonable time as no more than one year after demand had been made and defined compliance as something more than the ineffectual appointment of an arbitrator. Accordingly, the trial court found that the limitations period commenced to run on June 15, 1972, one year after plaintiffs' demand for arbitration, and expired 10 years later on June 15, 1982. Thus, because plaintiffs' cause of action was not filed until January 12, 1983, it was barred by the statute of limitations.

■ Plaintiffs argue that the trial court's dismissal of the complaint based upon its arbitrary determination as to when a breach occurred was erroneous. It is well established that the construction of a contract, where material facts are undisputed, is a question of law for the court's determination. (*Yorke v. B. F. Goodrich Co.* (1985), 130 Ill. App. 3d 220, 474 N.E.2d 20.) Further, dismissal of a complaint seeking declaratory relief is an appropriate method of declining to grant such relief, and is a determination within the sound discretion of the trial court which will not be disturbed on review absent proof of an abuse of discretion. (*Mendelsohn v. CNA Insurance Co.* (1983), 115 Ill. App. 3d 964, 451 N.E.2d 919; *Wills v. O'Grady* (1980), 86 Ill. App. 3d 775, 409 N.E.2d 17.) In the present case, the relevant facts surrounding the unsuccessful attempts to negotiate and arbitrate are undisputed. Thus, we find that the issue of a breach was properly decided by the trial court as a question of law and that plaintiffs have failed to show that the trial court abused its discretion in reaching that determination.

■ In the alternative, plaintiffs argue that defendant is estopped from raising the statute of limitations as a bar to their claim because

defendant's act of selecting an arbitrator in 1971 lulled them into a false sense of security that arbitration would proceed, which caused them to delay filing their suit.

An essential element to an estoppel claim is proof that the party asserting the claim reasonably relied upon the representations and conduct of the other. (*Myers v. Centralia Cartage Co.* (1981), 94 Ill. App. 3d 1139, 419 N.E.2d 465.) In the present case, we concur with the trial court's conclusion that defendant's sole act of appointing an arbitrator "cannot be found sufficient to lull the plaintiff into a false sense of security for well over ten years." In fact, plaintiffs' own admission that defendant failed to respond to their communications regarding arbitration for over 10 years supports the conclusion that plaintiffs had no reasonable basis for assuming that defendant intended to arbitrate. Our decision obviates the need to address defendant's argument based on the doctrine of *laches*.

For the aforementioned reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

QUINLAN, P.J., and O'CONNOR, J., concur.