826 P.2d 1167

**Harvey M. BLUTREICH and Anna Marie Blutreich, husband and wife, Plaintiffs–Appellants,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, a corporation, Defendant–Appellee.**

No. 1 CA–CV 89–590.

Court of Appeals of Arizona, Division 1, Department A.

July 25, 1991.

Reconsideration Denied Oct. 4, 1991.

Review Denied April 7, 1992.*

---

* Moeller, V.C.J., of the Supreme Court, voted to grant review.

Harry L. Howe, P.C. by Harry L. Howe, Scottsdale, for plaintiffs-appellants.

Cronin & Stanewich by Robert B. Stanewich, Phoenix, for defendant-appellee.

## OPINION

BROOKS, Presiding Judge.

Harvey and Anna Marie Blutreich sought a declaratory judgment against Liberty Mutual Automobile Insurance Company concerning the extent of the insurer's obligations under the underinsured motorist provision in their insurance policy. The trial court ruled that the statute of limitations barred the Blutreichs' cause of action and therefore entered judgment in favor of Liberty Mutual.

Only one issue is presented on appeal: When does the statute of limitations begin to run on a cause of action for benefits under an underinsured motorist provision of an automobile insurance policy? The trial court agreed with Liberty Mutual's argument that the limitations period began on the date of the accident. The Blutreichs urge that this was error and maintain that their cause of action accrued only when Liberty Mutual refused to pay benefits.[1] We agree and therefore reverse.

## FACTS

In 1982, Mr. Blutreich purchased an insurance contract from Liberty Mutual in Ohio. The policy covered Mr. Blutreich and members of his family and included underinsured motorist coverage with a limit of $100,000. Shortly thereafter, the Blutreichs moved to Arizona, where, on September 20, 1982, Mrs. Blutreich was involved in an automobile accident with an underinsured motorist. She recovered $15,000 from the other driver's liability carrier and another $15,000 in benefits under an underinsured motorist policy that covered the car that she had been driving.

Not until several years later did Mrs. Blutreich learn that she could make a claim as a covered person under the Liberty Mutual policy. On February 6, 1988, the Blutreichs served Liberty Mutual with a written demand for payment or arbitration.

Liberty Mutual acknowledged that Mrs. Blutreich was a covered person under the policy and also apparently acknowledged that her damages exceeded the $100,000 policy limit. It contended, however, that it was entitled to offset the $30,000 in benefits that Mrs. Blutreich had recovered from other insurers. Accordingly, Liberty Mutual paid Mrs. Blutreich $70,000.

The Blutreichs agreed that Liberty Mutual was entitled to an offset for the $15,000

---

1. The Blutreichs presented an additional argument in the trial court. They urged that if the limitations period began on the date of the accident, their demand for arbitration within six years of that date tolled the statute. The Blutreichs have abandoned this argument on appeal, and we do not address it.

in underinsured motorist benefits, but not for the $15,000 in liability benefits. They executed a partial release, but made a further demand for payment on or about June 27, 1988, setting a deadline of July 1, 1988. Liberty Mutual refused to pay, and the Blutreichs commenced this action on November 14, 1988. They asserted that Arizona law governed the offset question and moved for summary judgment on that basis. Liberty Mutual responded and cross-moved for summary judgment, arguing that Ohio law should apply and that the statute of limitations barred the Blutreichs' claim for benefits. The trial court granted Liberty Mutual's motion without reaching the offset issue.

## DISCUSSION

■ Arizona follows the majority of states in holding that the limitations period that applies to an action for benefits under an uninsured or underinsured motorist provision is the six-year period for actions founded upon written contracts. *See Transnational Ins. Co. v. Simmons*, 19 Ariz.App. 354, 507 P.2d 693 (1973); *State Farm Mut. Auto Ins. Co. v. Tarantino*, 114 Ariz. 420, 561 P.2d 744 (1977); *See also* Annotation, *Automobile Insurance: Time Limitations as to Claims Based on Uninsured Motorist Clause*, 28 A.L.R.3d 580 (1969 and Supp.1990). However, no Arizona decision has addressed the question that is now before us, and neither party has drawn our attention to the conflicting authorities from other jurisdictions.

Most of these cases resolve the question rather summarily. Unlike the decisions that use the date of the accident as the starting point, however, those that use an event of breach are well-grounded in general principles of contract law.[2]

In 1981, a leading treatise discussing the statute of limitations for uninsured motor-

ist claims included the following observation:

> While it now seems clear that contract statute of limitations will be applied by most courts, that still leaves the question of when the statute begins to run. It seems equally clear to this writer that the occurrence of the accident generally will be used by the courts, rather than some event related to the insurance contract such as a demand for payment, the rejection of a claim, the institution of suit on the coverage or request for arbitration, etc.

A. Widiss, *A Guide to Uninsured Motorist Coverage* § 2.25 (Supp.1981) (footnote omitted). Widiss supported this observation with citations to cases from Florida and North Carolina. *See State Farm Mut. Auto. Ins. Co. v. Kilbreath*, 419 So.2d 632 (Fla.1982) (cause of action for uninsured/underinsured motorist claim arises on the date of the accident since the right of action stems from the plaintiff's right of action against the tortfeasor); *Mendlein v. United States Fidelity & Guar. Co.*, 277 So.2d 538 (Fla.Dist.Ct.App.1973) (statute begins to run on date of accident, and demand for arbitration must be made within statutory period); *Wheeless v. St. Paul Fire & Marine Ins. Co.*, 11 N.C.App. 348, 181 S.E.2d 144 (1971) (suit may be instituted when insurer becomes obligated to pay—i.e., when insured sustains damages under circumstances entitling him to recover from the owner or operator of an uninsured vehicle[3]).

By 1990, Widiss had reevaluated his position:

> There is no clear basis for stating when a statute of limitations begins to run in regard to uninsured motorist insurance claims. In most insurance policies, there are no relevant provisions and there has

---

**2.** We note that almost all of the courts that have addressed the issue have done so in connection with *un*insured, rather than *under*insured motorist benefits. We are aware of no reason why that distinction should make a difference in this context.

**3.** The value of *Wheeless* as precedent was undermined several years later when the North Carolina Supreme Court went so far as to state, albeit in dicta, that the tort statute of limitations would apply. *See Brown v. Lumbermens Mutual Casualty Co.*, 285 N.C. 313, 204 S.E.2d 829 (1974).

been almost no discussion of this matter in either the appellate cases or the secondary literature. It seems likely that in many instances the date of the accident will be used by the courts. However, it also seems probable that in some contexts courts will use an event related to the insurance relationship, such as a demand for payment, the rejection of a claim, or the rejection of a request for arbitration. Given the almost uniform view among the applicable judicial precedents that uninsured motorist insurance claims are subject to the contract statute of limitations, it would be reasonable for courts to focus on the occurrence which constitutes a "breach of the contract" by the insurer (rather than the occurrence of the event giving rise to the contractual claim for insurance benefits).

A. Widiss, *Uninsured and Underinsured Motorist Insurance* § 7.12 (2d ed. 1990) (footnotes omitted). By that time, the overwhelming majority of courts that had addressed the question had concluded that the limitations period begins to run upon some event constituting a breach by the insurer. *See, e.g., Allstate Ins. Co. v. Spinelli*, 443 A.2d 1286 (Del.1982) (no justiciable controversy until insurer denied insured's claim for coverage benefits and so informed insured); *Norfleet v. Safeway Ins. Co.*, 144 Ill.App.3d 838, 98 Ill.Dec. 598, 494 N.E.2d 720 (1986) (cause of action for uninsured benefits accrued when insurer failed to comply with arbitration demand); *Yingling v. Phillips*, 65 Md.App. 451, 501 A.2d 87 (1985) (breach of contract action against insurer accrued when insurer denied coverage—statute of limitations began to run when insured had notice that insurers disclaimed liability); *Jacobs v. Detroit Auto. Inter–Insurance Exchange*, 107 Mich.App. 424, 309 N.W.2d 627 (1981) (where demand for arbitration is condition precedent to right to sue for uninsured motorist benefits, cause of action accrued when insurer refused to submit to arbitration); *Spira v. American Standard Ins. Co.*, 361 N.W.2d 454 (Minn.App.1985) (absent express limitation in policy restricting time for bringing uninsured motorist claim,

contract statute did not begin to run until plaintiff's identifiable claim for uninsured benefits was rejected); *but see O'Neill v. Illinois Farmers Ins. Co.*, 381 N.W.2d 439 (Minn.1986) (where action is to *imply* underinsured motorist benefits in an insurance policy and to recover those benefits under the policy as amended, six-year contract statute begins to run on date of accident). *See also Allstate Ins. Co. v. Altman*, 200 N.J.Super. 269, 491 A.2d 59 (1984) (action for breach of contract accrued when insurer breached by denying claim for uninsured motorist coverage); *Alvarez v. American Gen'l Fire & Casualty Co.*, 757 S.W.2d 156 (Tex.App.1988) (claim for uninsured motorist coverage accrued when insurer denied liability for claim and not at time of accident giving rise to claim); *Safeco Ins. Co. v. Barcom*, 112 Wash.2d 575, 773 P.2d 56 (1989) (contract statute of limitation begins to run against an insured on the date of the breach of the contract of insurance by the insurer).

In *Barcom*, the Washington Supreme Court disagreed with Safeco's argument that adoption of this rule would prejudice the insurer, stating:

Foremost, both policies in this case require the insured to give prompt notice to the insurer following an accident. Additionally, principles of equity and the contracts of insurance protect the insurer's interest by providing reimbursement and subrogation rights. Theoretically, under the terms of a contract of insurance, some action by the insured that prejudices the insurer's rights might in fact eliminate coverage well before the applicable statute of limitation were actually to have run.

773 P.2d at 60.

▮ Like these courts, the Blutreichs rely upon well-settled law governing actions for breach of contract. *See, e.g., Western Casualty & Sur. Co. v. Evans*, 130 Ariz. 333, 336, 636 P.2d 111, 114 (App. 1981) ("For an action to accrue for limitation purposes, some event in the nature of a breach of contract must have occurred."). They maintain that their cause of action accrued only when Liberty Mutual refused

to pay the disputed $15,000—i.e., no earlier than June 27, 1988—and that their complaint, filed less than five months later, was therefore timely.

Liberty Mutual dismisses the Blutreichs' authorities as inapplicable because none involved insurance policies or uninsured/underinsured motorist claims. Liberty Mutual also urges that use of the accident date as the starting point for the limitations period would achieve the laudable goals of "certainty and uniformity" for actions in which no time limit is provided by statute or contract. The fallacy in this argument is that the insurer is in a position to protect itself against uncertainty and variability by including appropriate time limitations in the insurance contract.

We hold that the limitations period for an action to recover benefits under an underinsured motorist provision in an automobile insurance policy begins to run against the insured only upon an event in the nature of a breach of contract by the insurer. The judgment is therefore reversed, and the matter is remanded to the trial court for consideration of the conflict of law question. The Blutreichs' request for an award of attorney's fees under A.R.S. section 12–341.01(A) is granted, in an amount to be determined upon their compliance with Rule 21(c), Arizona Rules of Civil Appellate Procedure.

Reversed and remanded.

JACOBSON and CONTRERAS, JJ., concur.