971 P.2d 798 (1998)
Louise P. GRAYSON, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE, Respondent.
No. 29832.
Supreme Court of Nevada.
December 30, 1998.
As Modified on Denial of Rehearing March 19, 1999.
Parker, Nelson & Arin, Las Vegas; Beckley, Singleton, Jemison, Cobeaga & List and Daniel F. Polsenberg, Las Vegas, for appellant.
Pearson & Patton and Theodore J. Kurtz, Las Vegas, for respondent.

OPINION
ROSE, J.
Appellant Louise P. Grayson (Grayson) sought to recover underinsured motorist (UIM) coverage benefits from her insurance carrier, State Farm Mutual Automobile Insurance (State Farm). The district court found that the statute of limitations barred Grayson's cause of action because she filed her claim more than six years after her accident. Thus, the district court entered summary judgment in favor of State Farm.
*799 On appeal, Grayson contends that the district court erred in finding that the six-year limitations period began to run on the date of the accident. We agree, and for the reasons set forth below, we reverse the district court's grant of State Farm's motion for summary judgment and remand for trial.

FACTS
On June 12, 1990, Ms. Grayson was involved in an automobile accident with Jerardo Menchaca-Estrada (Estrada). Grayson's former attorney failed to file suit against Estrada within the two-year tort statute of limitations. As a result, Grayson filed suit against her former attorney alleging legal malpractice.
During the course of Grayson's legal malpractice action against her former attorney, Grayson discovered that Estrada had automobile bodily injury liability insurance with the statutory minimum limits of $15,000.00 per person. Grayson, believing that the value of her injuries exceeded the $15,000.00 per person limits of Estrada's insurance, filed suit against State Farm, her UIM carrier. State Farm moved for summary judgment, arguing that the six-year statute of limitations[1] barred Grayson's claim for benefits because she filed her claim on August 2, 1996, six years and two months after the accident. The district court agreed and granted State Farm's motion for summary judgment. Grayson now appeals.

DISCUSSION
This case presents an issue of first impression in Nevada: When does the statute of limitations begin to run on a cause of action for benefits under an UIM provision of an automobile policy? Courts in other jurisdictions have addressed this issue and the overwhelming majority of these jurisdictions have concluded that the limitations period begins to run on a UIM claim upon the insurer's breach of the insurance contract.[2]
These cases are based on the rationale that it would be illogical to begin the statute of limitations before the insured even has a justiciable claim for breach of contract. See Allstate Ins. Co. v. Spinelli, 443 A.2d 1286 (Del.1982). Although our UIM statutory scheme provides the insured with the option to file a suit against her UIM carrier prior to obtaining a judgment against the tortfeasor,[3] if the insured chooses not to do so, an action for breach of contract will not lie at the time of the accident because the UIM carrier has not yet been called upon to fulfill a promise under the contract. See Lane v. Nationwide Mut. Ins. Co., 321 Md. 165, 582 A.2d 501, 505 (Md.1990).
Moreover, practically speaking, it would be fundamentally unfair to time-bar an insured from compensation that she bargained for because an insured may not be aware until long after the accident that she will need to pursue a claim against her UIM insurer. Specifically, at the time of the accident or even several years thereafter, the insured may not know the extent of her injuries, the amount of the tortfeasor's available coverage, or whether the cost of her medical treatment *800 will exceed the value of the tortfeasor's insurance policy and available assets. We note that such a circumstance occurred in the present case because it was not until several years after the accident, when Grayson was involved in the legal malpractice action, that Grayson learned that Estrada's insurance coverage was insufficient to cover her claims arising from the accident.
Further, the policy underlying UIM insurance supports our conclusion. We note that "[t]he Nevada Legislature intended that uninsured and underinsured motorist benefits be available to Nevada citizens." Mann v. Farmers Insurance Exchange, 108 Nev. 648, 650, 836 P.2d 620, 621 (1992) (citation omitted). UIM insurance serves an important public purpose to "provide maximum and expeditious protections to the innocent victims of financially irresponsible motorists..." Green v. Selective Insurance Co. of America, 144 N.J. 344, 676 A.2d 1074, 1078 (N.J.1996). Accordingly, in our view, there is no reason to time-bar an insured from claiming benefits bargained for in an insurance contract by beginning the statute of limitations before the insured is notified that her UIM carrier has failed to fulfill its promise to pay a claim.
Although State Farm does not allege that they were prejudiced by Grayson's delay in making a claim, State Farm contends that tolling the statute of limitations until the insurer refuses to pay a claim results in a cause of action without any time limitation.[4] However, the fallacy in this argument is that the insurer can protect itself from claims that are remote in time by including explicit, unambiguous time limitations in its insurance contracts. See Blutreich v. Liberty Mut. Ins. Co., 170 Ariz. 541, 826 P.2d 1167, 1171 (Ariz.Ct.App.1991); see also National Union Fire Ins. v. Reno's Executive Air, 100 Nev. 360, 364, 682 P.2d 1380, 1382 (1984). Additionally, the equitable remedy of laches would protect insurers from the costs associated with any unreasonable delay on the part of the insured. Southward v. Foy, 65 Nev. 694, 705-06, 201 P.2d 302, 307 (1948).
Accordingly, we conclude that the district court erred in granting State Farm's motion for summary judgment because Grayson's claim was not time-barred. The statute of limitations did not begin to run until State Farm refused payment of Grayson's claim. The date of this refusal is an issue of fact to be determined upon remand. Therefore, we reverse the judgment of the district court and remand this case for proceedings consistent with this opinion.
SPRINGER, C.J., and SHEARING, J., concur.
MAUPIN, J., with whom, YOUNG, J., agrees, dissenting:
Under our scheme for the recovery of UIM benefits, the insured has a right to bring a direct action against the carrier after a collision with an uninsured motorist, regardless of whether a judgment has been obtained against the tortfeasor. See Lee v. Allstate Ins. Co., 648 F.Supp. 1295 (D.Nev.1986). Implicit in this is the right to bring the direct action at any time after the cause of action against the actual tortfeasor accrues. Accrual occurs, consistent with the ruling in Lee, when a person insured under the policy becomes "legally entitled to recover damages"[1] from the uninsured motorist. Since rights under the contract exist as of the collision, the six-year limitation period should start to run at that time.
I realize that the major treatises and the majority recognize a trend toward accrual from the time of claim denial.[2] However, six years from the date of an accident with an *801 uninsured motorist is not an unreasonable time for a claimant to commence direct proceedings for UIM benefits.
YOUNG, J., concurs.
NOTES
[1] NRS 11.190(1)(b) provides that an action upon a written contract must be brought within six years.
[2] See, e.g., Blutreich v. Liberty Mut. Ins. Co., 170 Ariz. 541, 826 P.2d 1167 (Ariz.Ct.App.1991); Allstate Ins. Co. v. Spinelli, 443 A.2d 1286 (Del.1982); Eidemiller v. State Farm Mut. Auto. Ins., 22 Kan.App.2d 278, 915 P.2d 161 (Kan.Ct.App.1996); Whitten v. Concord General Mut. Ins. Co., 647 A.2d 808 (Me.1994); Lane v. Nationwide Mut. Ins. Co., 321 Md. 165, 582 A.2d 501 (Md.1990); Metro. Prop. & Liability v. Walker, 136 N.H. 594, 620 A.2d 1020 (N.H.1993); Uptegraft v. Home Ins. Co., 662 P.2d 681 (Okla.1983); Vega v. Farmers Ins. Co., 134 Or.App. 372, 895 P.2d 337 (Or.1995); Alvarez v. American General Fire & Cas., 757 S.W.2d 156 (Tex.Ct.App.1988); Safeco Ins. Co. v. Barcom, 112 Wash.2d 575, 773 P.2d 56 (Wash.1989); Plumley v. May, 189 W.Va. 734, 434 S.E.2d 406 (W.Va.1993). We recognize that a minority of jurisdictions hold that the statute of limitations begins to accrue at the time of the accident. See, e.g., Bayusik v. Nationwide Mutual Ins. Co., 233 Conn. 474, 659 A.2d 1188 (Conn.1995); State Farm Mut. Auto. Ins. Co. v. Kilbreath, 419 So.2d 632 (Fla.1982); Commercial Union Ins. Co. v. Wraggs, 159 Ga.App. 596, 284 S.E.2d 19 (Ga.Ct.App.1981).
[3] Under NRS 690B.020, an insured has a claim against the carrier as soon as the insured under the policy becomes "legally entitled to recover damages" from the uninsured motoristthat is, as of the time of the accident. See also Lee v. Allstate Ins. Co., 648 F.Supp. 1295 (D.Nev.1986).
[4] Additionally, State Farm contends that Grayson's claim is time-barred because she failed to "demand" payment from State Farm. We note that State Farm's argument defies logic because if Grayson failed to make a demand, then State Farm could not have possibly breached by refusing Grayson's claim, and thus the statute of limitations would not even have started to accrue, much less have barred Grayson's claim.
[1] NRS 690B.020 (1).
[2] A. Widiss, A Guide to Uninsured Motorist Coverage § 2.25 (Supp.1981), cited with approval in Blutreich v. Liberty Mut. Ins. Co., 170 Ariz. 541, 826 P.2d 1167 (Ariz.Ct.App.1991).