Maupin, J.,
with whom, Young, J., agrees, dissenting:
Under our scheme for the recovery of UIM benefits, the insured has a right to bring a direct action against the carrier after a collision with an uninsured motorist, regardless of whether a judgment has been obtained against the tortfeasor. See Lee v. Allstate Ins. Co., 648 F. Supp. 1295 (D. Nev. 1986). Implicit in this is the right to bring the direct action at any time after the cause of action against the actual tortfeasor accrues. Accrual occurs, consistent with the ruling in Lee, when a person insured under the policy becomes “legally entitled to recover damages”[1] from the uninsured motorist. Since rights under the contract exist as of the collision, the six-year limitation period should start to run at that time.
I realize that the major treatises and the majority recognize a trend toward accrual from the time of claim denial.[2] However, six years from the date of an accident with an uninsured motorist is not an unreasonable time for a claimant to commence direct proceedings for UIM benefits.

 NRS 690B.020(1).

 A. Widiss, A Guide to Uninsured Motorist Coverage § 2.25 (Supp. 1981), cited with approval in Blutreich v. Liberty Mut. Ins. Co., 826 P.2d 1167 (Ariz. Ct. App. 1991).