Darlene HAMM and Ronald Hamm, Appellants,

v.

**ALLIED MUTUAL INSURANCE COMPANY, Appellee,**

and

**Allstate Insurance Company, Defendant.**

No. 98–1283.

Supreme Court of Iowa.

June 1, 2000.

Ted Harrison Engel, Des Moines, for appellants.

Stanley J. Thompson and Amy C. Churchill of Davis, Brown, Koehn, Shors & Roberts, P.C., Des Moines, for appellee.

McGIVERIN, Chief Justice.

The question here is: when does the policy limitation period begin to run on an insured's claim for underinsured motorist (UIM) benefits under provisions of the insured's automobile insurance policy. The district court concluded that the limitation period began to run on the date of the automobile accident that caused injury to the insureds. Based on this conclusion, the district court dismissed the petition of plaintiff-insureds Darlene and Ronald Hamm against defendant Allied Mutual Insurance Company for UIM benefits because it was not filed within two years of the date of the automobile accident and therefore was time-barred.

Upon our review, we conclude that the policy language of the Allied policy requires that an insured bring suit against or settle with the tortfeasor within two years of the accident in order to preserve his or her right to recover UIM benefits under the Allied policy. We further conclude, however, that the policy does not establish the limitations period concerning the Hamms' claim against Allied for UIM benefits and does not specify when the limitations period begins to run. Therefore, we conclude that the limitations period governing plaintiffs' suit against Allied for UIM benefits is ten years and that the ten-year period did not begin to run until the date that Allied denied plaintiffs' request for UIM benefits under the Allied policy. Because plaintiffs filed their suit against Allied within ten years of the date that Allied denied their claim, the district court incorrectly concluded that their suit against Allied was time-barred. We therefore reverse the judgment of the district court and remand for further proceedings.

## I. Background facts and proceedings.

The relevant facts are not in dispute. On December 16, 1995, plaintiff Darlene Hamm was a passenger in a vehicle, which was being driven by Allen J. Breese and insured under a policy issued by defendant Allstate Insurance Company. While stopped at a stoplight, the Breese vehicle was struck from behind by a vehicle being driven by Minh Bao Vien. Plaintiff Darlene Hamm sustained personal injuries as a result of the collision. At the time of the accident, Darlene and Ronald Hamm were insured under an automobile insurance policy issued by defendant Allied Mutual Insurance Company, which included underinsured motorist coverage in the amount of $25,000.

On August 5, 1996, Darlene and her husband Ronald Hamm settled Darlene's personal injury claim and Ronald's loss of consortium claim with Vien and his automobile liability insurance carrier for $20,000, the limits of Vien's automobile

insurance policy. Plaintiffs contend that amount, however, was insufficient to compensate Darlene for her injuries and damages.

The Hamms were unable to settle their UIM claim with their insurer, Allied. As a result, the Hamms filed a petition in district court against both Allstate (the insurer of the vehicle in which Darlene was a passenger) and Allied on January 15, 1998, seeking to recover the policy limits of underinsured motorist coverage.

Allied filed an answer to the Hamms' petition, raising expiration of a policy limitations period as an affirmative defense. Allied also filed a motion for summary judgment, contending that any claim by the Hamms for underinsured motorist coverage was barred because it was not brought within two years of the accident as Allied asserts is required by the language of the policy.

After a hearing, the district court agreed with Allied and sustained Allied's summary judgment motion and dismissed plaintiffs' petition against Allied. The Hamms appeal. The Hamms' claim against Allstate Insurance Company is not involved in this appeal.

## II. Standard of review.

Our review of a grant or denial of summary judgment is at law. Iowa R.App.P. 4; *Krause v. Krause*, 589 N.W.2d 721, 724 (Iowa 1999). In this appeal, the facts are undisputed. In such cases, we determine whether the district court correctly applied the law. *Krause*, 589 N.W.2d at 724. "Summary judgment is properly granted if the only controversy concerns the legal consequences flowing from undisputed facts." *Diggan v. Cycle Sat, Inc.*, 576 N.W.2d 99, 102 (Iowa 1998).

## III. Language of the policy.

The dispute in this case centers upon: (1) what is the applicable limitations period for an insured's claim against Allied for underinsured motorist (UIM) coverage un-

der the policy, and (2) when does the limitations period begin to run? To resolve this case, we must review and interpret provisions of the insurance policy. In doing so, we are guided by well-established principles concerning the construction and interpretation of insurance policies:

> "Construction of an insurance policy—the process of determining its legal effect—is a question of law for the court. Interpretation—the process of determining the meaning of words used—is also a question of law for the court unless it depends on extrinsic evidence or a choice among reasonable inferences to be drawn."

*Allied Mut. Ins. Co. v. Costello,* 557 N.W.2d 284, 286 (Iowa 1996) (quoting *A.Y. McDonald Indus. v. Insurance Co. of N. Am.,* 475 N.W.2d 607, 618 (Iowa 1991)). We have also said that when language in an insurance policy is ambiguous, requires interpretation or is susceptible to two equally plausible constructions, we will adopt the construction that is most favorable to the insured. *Costello,* 557 N.W.2d at 286. Additionally, an insurer has a duty to define any limitations or exclusionary clauses in clear and explicit terms. *Id.*

The Allied insurance policy here contains the following language concerning UIM coverage:

> A. We will pay all sums which an "insured" is legally entitled to recover as compensatory damages from the owner or operator of an "underinsured motor vehicle" resulting from "bodily injury" to any person caused by an accident.
>
> . . . .
>
> We will pay only after an "insured's" rights to the proceeds of all liability insurance bonds or policies have been determined by judgment or settlement agreement.
>
> . . . .

**SUIT AGAINST US**

> We may not be sued unless all the terms of this policy are complied with. We may not be sued under the Underinsured Motorist coverage on any claim that is barred by the tort statute of limitations.

The Iowa tort statute of limitations for personal injuries is two years. *See* Iowa Code § 614.1(2) (1995).

As stated above, the narrow questions we must answer in this appeal are: absent express language in the policy,[1] or applicable statutory provision,[2] what is the appli-

---

1. Some insurance policies expressly provide that the limitations period begins to run with the occurrence of a specified event. *See, e.g., Union Auto. Indem. Ass'n v. Shields,* 79 F.3d 39, 41 (7th Cir.1996) ("[n]o suit, action or arbitration proceeding for the recovery of any claim under [UM/UIM] endorsement shall be sustainable . . . unless commenced within two (2) years after the occurrence or loss"; limitations period runs from date of accident); *State Farm Mut. Auto. Ins. v. Springle,* 870 P.2d 578, 579 (Colo.Ct.App.1993) (according to policy language which specifically states "[t]here is no coverage until the limits of liability of all . . . policies that apply have been used up by payment of judgment or settlements," three-year statute of limitations for bringing claim for UIM benefits begins to run from date that insured settles with underinsured tortfeasor); *Bayusik v. Nationwide Mut. Ins. Co.,* 233 Conn. 474, 659 A.2d 1188, 1194 (1995) (policy specifically states that limitations period for filing UIM claim runs from date of accident); *Morley v. Automobile*

*Club of Mich.,* 458 Mich. 459, 581 N.W.2d 237, 240 (1998) (policy language requiring insured to make claim for uninsured motorist coverage within three years of date of accident was unambiguous and enforceable).

2. Some states have enacted legislation concerning the applicable limitations period for bringing a claim for UIM benefits. *See* Conn. Gen.Stat.Ann. § 38a–336(g)(1) (West Supp. 2000) ("No insurance company doing business in this state may limit the time within which any suit may be brought against it . . . on a claim . . . made on the uninsured or underinsured motorist provisions . . . to a period of less than three years from the date of the accident. . . ."); Louisiana Rev.Stats. § 9:5629 (West 1991) ("Actions brought for recovery of damages . . . brought pursuant to uninsured motorist provisions . . . are prescribed by two years reckoning from the date of the accident in which the damage was sustained."); Neb.Rev.Stat. § 44–6413(1)(e) (West 1998) ("(1) The uninsured and underin-

cable limitations period concerning an insured's claim under the Allied policy for UIM benefits and when does that limitations period begin to run? Related questions are: (1) what is the effect of language in Allied's policy which states that Allied will pay benefits "only after an 'insured's' rights to the proceeds of all liability insurance bonds or policies have been determined by judgment or settlement agreement," and (2) what effect does that language have on the provision which states "[w]e may not be sued until all the terms of this policy are complied with."

### IV. Relevant Iowa authorities.

We believe it helpful to first review our Iowa authorities that bear on a claim for benefits under the UIM provisions of an automobile insurance policy.

■ We have explained that "[t]he purpose of uninsured motorist coverage is to ensure minimum compensation to victims of uninsured motorists." *Veach v. Farmers Ins. Co.*, 460 N.W.2d 845, 848 (Iowa 1990) (emphasis added). "The goal of underinsured motorist coverage, on the other hand, is *full compensation* to the victim to the extent of the injuries suffered." *Id.* (emphasis added). Keeping these goals in mind, "we have adopted a 'broad coverage' view of underinsured motorist coverage, while taking a 'narrow coverage' view of uninsured motorist (UM) coverage." *Id.; accord Waits v. United Fire & Cas. Co.*, 572 N.W.2d 565, 573 (Iowa 1997). This means that in examining a case involving a claim for UIM benefits, we consider whether the victim will be fully compensated. *Id.*

■ We have said that a claim for UM or UIM benefits is essentially a contractual one. *See Douglass v. American Family Mut. Ins. Co.*, 508 N.W.2d 665, 666 (Iowa 1993) ("direct suit for uninsured motorist benefits is considered to be an action on a contract, not in tort"); *Vasquez v. LeMars Mut. Ins. Co.*, 477 N.W.2d 404, 409 (Iowa 1991) (claim for UIM benefits "is essentially a contractual one"). The applicable statutory limitations period for bringing a claim against the insurer for UM or UIM benefits is ten years. *See* Iowa Code § 614.1(5) (actions founded upon written contracts must be brought within ten years).

In *Leuchtenmacher v. Farm Bureau Mutual Insurance Co.*, 461 N.W.2d 291, 292–93 (Iowa 1990), we addressed the issue of whether the statutory language "legally entitled to recover," *see* Iowa Code § 516A.1 [3], makes suit against the tortfea-

---

sured motorist coverages provided in the Uninsured and Underinsured Motorist Insurance Act shall not apply to: ... (e) Bodily injury, sickness, disease or death of the insured with respect to which the applicable statute of limitations has expired on the insured's claim against the uninsured or underinsured motorist."); Or.Rev.Stat. § 742.504(4)(d) (1999) (codifying language of an "exhaustion clause" which states "coverage does not apply with respect to [UIM] benefits unless: (A) [t]he limits of liability under any bodily injury liability bonds or policies applicable at the time of the accident ... have been exhausted by payment of judgments or settlements to the injured person or other injured persons"); Or.Rev.Stat. § 742.504(12)(a) (statutory provision allowing insurers to include policy provisions setting a contractual time limit for initiating arbitration or filing a court action against insurer for UIM benefits); 1 Alan A. Widiss, *Uninsured and Underinsured Motorist Insurance* § 7.10,

at 364 (2d ed.1999) [hereinafter Widiss] (discussing legislation enacted by states concerning the applicable limitations period for uninsured motorist claims); Jeffrey A. Kelso & Matthew R. Drevlow, *When Does the Clock Start Ticking? A Primer on Statutory and Contractual Time Limitation Issues Involved in Uninsured and Underinsured Motorist Claims*, 47 Drake L.Rev. 689, 709 (1999) (stating that California has enacted "detailed and complex" legislation "which sets notice requirements, accrual dates, and a limitation period").

3. "No automobile liability or motor vehicle liability insurance policy insuring against liability for bodily injury or death arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered ... unless coverage is provided ... for the protection of persons insured under such policy who are *legally entitled to recover* damages from the owner or operator of an ... underinsured

sor a condition precedent to an action against the insurer for UIM benefits. We said that nothing in Iowa Code section 516A.1, and nothing in the language of the insurance policy, which tracked section 516A.1, required that the damages to which an insured is "legally entitled to recover" under a UIM provision must be determined by a separate lawsuit, as opposed to being raised in a direct claim against the insurer. 461 N.W.2d at 294. Our statements in *Leuchtenmacher*, however, are not necessarily controlling in this case because that case dealt with whether section 516A.1 established a condition precedent to recovery of UM or UIM coverage benefits and the policy language also did not impose such a requirement.

In *Douglass*, 508 N.W.2d at 667–68, we held that an insurance company may validly shorten the limitations period for bringing suit for UM benefits from what would normally be ten years, *see* Iowa Code § 614.1(5) (ten years for action founded upon written contract), to the two-year statute of limitations for a personal injury tort action.[4] We concluded that policy language which stated, "[w]e may not be sued under the Uninsured Motorist coverage on any claim that is barred by the tort statute of limitations," was a valid modification of the otherwise ten-year applicable statutory limitations period for bringing a UM suit against the insurer to the two-year limitations period for personal injury actions. In doing so, we noted that section 516A.1 does not address the limitations period for bringing a suit under the UM provisions of

the policy. *Id.* at 666. Thus, an insurer's authority to reduce the limitations period for such a claim "springs from general contract principles, not from any statutory grant of authority." *Id.* at 667.

We also rejected the insured's contention that the two-year limitation period did not apply because she was not aware that the tortfeasors were judgment proof until the two-year limitation period allowed in the policy had expired. We stated that "exhaustion of the plaintiff's remedies against the [uninsured] tortfeasors was not a condition precedent to an action for uninsured motorist benefits." *Id.* (citing *Leuchtenmacher*, 461 N.W.2d at 294).

Later, in *Morgan v. American Family Mutual Insurance Co.*, 534 N.W.2d 92 (Iowa 1995), we interpreted the meaning of policy language which stated, "[w]e may not be sued under the Uninsured Motorist coverage on any claim that is barred by the tort statute of limitations."[5] *Id.* at 98. We impliedly concluded that the two-year tort statute of limitations period began to run on the date of the accident and that the insureds' breach of contract suit for UM coverage was therefore barred because it was not brought within the two-year period. *Id.* at 100. In doing so, we stated that under a reasonable interpretation, the word "claim" in the UM coverage provision refers to an action against the uninsured tortfeasor, not against the insurer. *Id.* at 99. Essentially, because the tortfeasor in *Morgan* was uninsured there was no need for the insured to pursue a

---

motor vehicle...." Iowa Code § 516A.1 (emphasis added).

4. The policy at issue in *Douglass* contained the following language:

Suit Against Us. We may not be sued unless all the terms of this policy are complied with. We may not be sued under the liability coverage until the insured's obligation to pay is finally determined at the trial or by written agreement of the insured, the claimant and us. *We may not be sued under the Uninsured Motorist coverage on any claim that is barred by the tort statute of limitations.*

508 N.W.2d at 665–66. The language of the policy at issue in *Douglass*, however, did not include language like that in the Allied policy which states the insurer "will pay [UIM benefits] only after an 'insured's' rights to the proceeds of all liability insurance bonds or policies have been determined by judgment or settlement agreement."

5. The insurance policy in *Morgan* apparently did not include language like that in defendant Allied's policy that the insurer will only pay after the insured's rights to the proceeds of all liability insurance policies have been determined by judgment or settlement.

claim against the tortfeasor and thus the date of the accident was the logical date for the limitations period to commence. The insured therefore had two years from the date of accident to bring a claim against the insurer for coverage under the uninsured motorist provision of the policy, but failed to bring the claim within that time period.

## V. The various theories concerning when the limitations period begins to run for bringing a claim for benefits under a UIM provision.

Of the jurisdictions that have considered the issue and depending on the language of the insurance policies involved, three different events have been isolated as being the date when the policy limitations period begins to run for bringing a claim against the insurer for UIM benefits. *See* 3 Alan A. Widiss, *Uninsured and Underinsured Motorist Insurance* § 34.4, at 112 (2d ed.1995) [hereinafter Widiss]; Jeffrey A. Kelso & Matthew R. Drevlow, *When Does the Clock Start Ticking? A Primer on Statutory and Contractual Time Limitation Issues Involved in Uninsured and Underinsured Motorist Claims*, 47 Drake L.Rev. 689, 693 (1999) [hereinafter Kelso & Drevlow]. These three possible events

include (1) the date that the insurance company allegedly breaches the insurance contract by denying the insured's UIM claim; (2) the date of the accident; and (3) the date that the insured settles with or obtains judgment against the tortfeasor, thereby exhausting the limits of the tortfeasor's liability coverage. *See* 3 Widiss § 34.4, at 112; Kelso & Drevlow, at 694.

### A. Limitations period runs from the date of breach.

Although not advanced by either party in this case, some courts have adopted the rule that absent express language in the policy terms, a claim for UIM benefits is based on contract and therefore the contract statute of limitations applies. *See* 1 Widiss § 7.7, at 349 (stating that absent specific language in the policy, appellate court decisions almost uniformly hold that a claim for uninsured motorist insurance benefits is a contractual right and contract statute of limitations therefore applies). The theory also holds that because the claim for uninsured or underinsured motorist benefits is contractual, the policy limitations period for bringing a UIM claim begins to run on the date that the insurance company breaches the insurance contract.[6] The reasoning behind this theory is that because a claim for UM or UIM

6. *See, e.g., Blutreich v. Liberty Mut. Ins. Co.,* 170 Ariz. 541, 826 P.2d 1167, 1171 (Ariz.Ct. App.1991) (limitations period for an action to recover benefits under UIM motorist provision begins to run only upon insurer's breach of contract); *Spear v. California State Auto. Ass'n,* 2 Cal.4th 1035, 9 Cal.Rptr.2d 381, 831 P.2d 821, 825 (1992) ("an insured's cause of action against insurer to compel arbitration of [UM] benefits does not accrue, and statute of limitations does not begin to run, unless the insurance company refused to arbitrate"); *Allstate Ins. Co. v. Spinelli,* 443 A.2d 1286, 1287 (Del.1982) (action by insured for UM benefits sounds in contract rather than tort and cause of action does not accrue until insurer denies coverage); *Norfleet v. Safeway Ins. Co.,* 144 Ill.App.3d 838, 98 Ill.Dec. 598, 494 N.E.2d 720, 723 (1986) (time period for filing demand for arbitration of UM claim began to run on date that insurer refused to comply with arbitration demand); *Whitten v. Concord Gen. Mut. Ins. Co.,* 647 A.2d 808, 811 (Me.1994) (limitations period for filing UM

claim against insurer began to run when insurer rejected insureds' demand for payment of medical bills); *Palmero v. Aetna Cas. & Sur. Co.,* 606 A.2d 797, 799 (Me.1992) (insured's cause of action for UM benefits accrued when insurer denied insured's request for benefits); *Lane v. Nationwide Mut. Ins. Co.,* 321 Md. 165, 582 A.2d 501–07 (1990) (same); *Berkshire Mut. Ins. Co. v. Burbank,* 422 Mass. 659, 664 N.E.2d 1188, 1190 (1996) (same); *Jacobs v. Detroit Automobile Inter–Insurance Exch.,* 107 Mich.App. 424, 309 N.W.2d 627, 630 (1981) (same); *Grayson v. State Farm Mut. Auto. Ins.,* 114 Nev. 1379, 971 P.2d 798, 800 (1998) (limitations period runs from date insurer denies payment of insured's UIM claim); *Metropolitan Property & Liab. Ins. Co. v. Walker,* 136 N.H. 594, 620 A.2d 1020, 1022 (1993) (same); *Wille v. Geico Cas. Co.,* 2 P.3d 888, 890 (Okla.2000); *Vega v. Farmers Ins. Co.,* 323 Or. 291, 918 P.2d 95, 98 (1996) (same), *superseded by statute in* Or.Rev.Stat. §§ 742.504(4)(A), 742.504(12) (1999); *Webster*

benefits is based on contract, the limitations period begins to run on the date that the insurance contract is breached, generally, when the insurance company denies the insured's claim for benefits. *See Vega v. Farmers Ins. Co.*, 323 Or. 291, 918 P.2d 95, 98 (1996), *superseded by statute in* Or.Rev.Stat. §§ 742.504(4)(A), 742.504(12) (1999) (allowing insurer to include language stating that no cause of action shall accrue to the insured under UM/UIM coverage unless insured has filed an action against insurer within two years from date of accident); Joel S. DeVore, *Vega v. S.B. 645: Underinsured Motorist Coverage and the Exhaustion Clause*, 34 Willamette L.Rev. 327, 344 (1998) (discussing how *Vega* has been overruled by legislation). Because the insurer's liability is contract-based, the relevant date is the date when the insurance company allegedly breaches its contract with its insured. *See Vega*, 918 P.2d at 98. This theory is considered the majority view. *See Wille v. Geico Cas. Co.*, 2 P.3d 888, 890 (Okla.2000); *accord* Kelso & Drevlow, at 694.

## B. Limitations period runs from the date of the accident.

A number of other jurisdictions have adopted the view that the limitations period for bringing a claim against the insurer for UIM benefits begins to run on the date of the accident.[7] The reasoning behind this theory is that the insured's claim for UIM benefits derives from the tort claim against the underinsured tortfeasor and that the insurer essentially stands in the shoes of the tortfeasor. *See Shelton v. Country Mut. Ins. Co.*, 161 Ill.App.3d 652, 113 Ill.Dec. 426, 515 N.E.2d 235, 240 (1987); *accord State Farm Mut. Auto. Ins. Co. v. Kilbreath*, 419 So.2d 632, 634 (Fla. 1982) (cause of action for UM/UIM claim arises on date of accident because right of action stems from insured's right of action against tortfeasor). As a result, it would be inequitable to require an insurer to be exposed to liability for a longer period than that applicable to the tortfeasor and thus, the limitations period begins to run on the date of the accident. *Shelton*, 113 Ill.Dec. 426, 515 N.E.2d at 240. This theory is considered a minority view. *See Wille*, 2 P.3d at 890.

## C. Limitations period runs from date of settlement/judgment with the tortfeasor.

Courts from other jurisdictions have held that the limitations period does not

v. Allstate Ins. Co., 833 S.W.2d 747, 750 (Tex. Ct.App.1992) (same); *Alvarez v. American Gen. Fire & Cas. Co.*, 757 S.W.2d 156, 158 (Tex.Ct.App.1988) (same); *Schwindt v. Commonwealth Ins. Co.*, 140 Wash.2d 348, 997 P.2d 353, 360 (2000) (same); *Safeco Ins. Co. v. Barcom*, 112 Wash.2d 575, 773 P.2d 56, 59 (1989) (same); *Plumley v. May*, 189 W.Va. 734, 434 S.E.2d 406, 411 (1993) (same).

7. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Kilbreath*, 419 So.2d 632, 634 (Fla.1982) (cause of action for UM or UIM claim arises on the date of the accident with the uninsured/underinsured motorist); *Flatt v. Country Mut. Ins. Co.*, 289 Ill.App.3d 1097, 225 Ill.Dec. 151, 682 N.E.2d 1228, 1233 (1997) (same); *Shelton v. Country Mut. Ins. Co.*, 161 Ill.App.3d 652, 113 Ill.Dec. 426, 515 N.E.2d 235, 238 (1987) (holding that under policy language stating that insurer would only pay after all other policy limits had been exhausted by judgment or payment and that suit for UIM benefits against the insurer will be barred unless commenced within two years of date of accident, exhaustion clause does not govern when insured could sue insurer, but rather only qualifies when insurer will pay claim, and limitations period therefore began to run on date of accident, not date that insured settled with tortfeasor); *Johnson v. State Farm Mut. Auto. Ins. Co.*, 594 N.W.2d 243, 245 (Minn.Ct.App.1999) (absent language in policy stating "[t]here is no coverage until the limits of all bodily injury liability bonds and policies ... have been used up by payment of judgment or settlement," limitations period begins to run on date of accident); *Weeks v. American Family Mut. Ins. Co.*, 580 N.W.2d 24, 27 (Minn.1998) ("Because liability rather than the existence of coverage is the underlying substantive issue, the cause of action for either UIM or UM benefits accrues once the accident occurs...."); *Green v. Selective Ins. Co.*, 144 N.J. 344, 676 A.2d 1074, 1079 (1996) (same); *Louden v. Moragne*, 327 S.C. 465, 486 S.E.2d 525, 526 (S.C.Ct.App.1997).

begin to run until the date of settlement with or entry of judgment against the tortfeasor.[8] *See* 3 Widiss § 34.4, at 112–13; Kelso & Drevlow, at 695. This theory is based on a form of the discovery rule used in tort cases which is that the insured has no way of knowing what liability, if any, the UM/UIM carrier will have until the insured has exhausted the liability coverage of the tortfeasor by settlement or judgment. *See* 3 Widiss § 34.4, at 112–13; Kelso & Drevlow, at 695.

## VI. Analysis.

### A. Applicable limitations period.

■ We begin our analysis of the Allied policy here by first examining the relevant provisions of the policy, which we again set out as follows:

> We will pay only after an "insured's" rights to the proceeds of all liability insurance bonds or policies have been determined by judgment or settlement agreement.
>
> . . . .
>
> **SUIT AGAINST US**
>
> We may not be sued unless all the terms of this policy are complied with.
>
> We may not be sued under the Underinsured Motorist coverage on any claim that is barred by the tort statute of limitations.

■ When reading these provisions as a whole, we believe that the language in the Allied policy is ambiguous as to whether an insured must first pursue a claim to recover the limits of the tortfeasor's liability coverage prior to filing suit against the insurer for UIM benefits.[9] Furthermore, in some situations, the insured, through no fault of his or her own, may not be able to determine his or her rights to the tortfeasor's liability policy limits within two years of the accident, and as a result, could arguably not satisfy the terms of the poli-

---

**8.** *See, e.g., Brown v. American Family Ins. Group*, 989 P.2d 196, 197 (Colo.Ct.App.1999) (plaintiff's claim for UIM benefits accrued on date that plaintiff settled with other driver); *Consiglio v. Transamerica Ins. Group*, 55 Conn.App. 134, 737 A.2d 969, 971 (1999) (pursuant to language in policy stating that insurer "will pay only after all liability bonds or policies have been exhausted by judgments or payments," and which did not include a time limit for making a UIM claim, policy limitations period for bringing a UIM claim began to run on date that insureds settled with tortfeasor's liability insurer); *Woodall v. Travelers Indem. Co.*, 699 So.2d 1361, 1364 (Fla.1997) (holding that the limitations period for bringing a claim for UIM benefits begins to run from the date of the accident, but that language in policy which requires an insured to first prosecute a claim against a third party means insured must first pursue a claim against tortfeasor before seeking payment of UIM benefits and limitations period is tolled until insured receives payment from the tortfeasor's liability carrier); *Butler v. Economy Fire & Cas. Co.*, 199 Ill.App.3d 1015, 146 Ill.Dec. 94, 557 N.E.2d 1281, 1286 (1990) (holding that under policy stating that no suit, action or arbitration for UM/UIM benefits shall be sustainable unless the insured has fully complied with all terms of the policy, "nor unless commenced within two years after the occurrence of the loss," loss did not occur until it is determined by judgment or settlement of personal injury lawsuit, whether tortfeasor's policy limits are sufficient to fully compensate the insured); *Vaughn v. State Farm Mut. Auto. Ins. Co.*, 445 So.2d 224, 227 (Miss.1984) (insured's cause of action for UM benefits did not accrue, and six-year statute of limitations did not begin to run, until supreme court issued its opinion affirming trial court's judgment that at-fault driver was not insured under vehicle owner's policy); *North Carolina Ins. Guar. v. State Farm Mut. Auto. Ins. Co.*, 115 N.C.App. 666, 446 S.E.2d 364, 369 (1994) (insureds did not have cause of action against insurer for uninsured motorist coverage as a consequence of the "insolvency of the tortfeasor's insurer," and limitations period did not begin to run, until the tortfeasor's insurance company was declared insolvent).

**9.** *Cf. Phillips v. State Auto. Mut. Ins. Co.*, 127 Ohio App.3d 175, 711 N.E.2d 1080, 1083 (1998) (holding that policy language which states that no legal action may be brought against insurer unless begun within two years of date of accident is ambiguous when read with exhaustion clause requiring insured to exhaust limits of tortfeasor's liability coverage; insured therefore has two years from date of judgment or settlement with tortfeasor to seek UIM benefits under policy).

cy. As a result of this ambiguity, we construe the policy language in the light most favorable to the Hamms. *See Costello,* 557 N.W.2d at 286 (stating that when provision in insurance policy is ambiguous, court will adopt construction most favorable to insured). We therefore conclude that the purpose of the policy language which states, "[w]e may not be sued under the Underinsured Motorist coverage on any claim that is barred by the tort statute of limitations," is to disallow a UIM claim if the insured has allowed the underlying tort claim to become barred by not settling or bringing suit within the period of limitations. This language does not establish either the period of time for bringing a UIM claim under the policy language or the time when the limitations period begins to run. Neither does any other provision in the Allied policy. The language simply imposes a condition precedent to an insured's suit against the insurer for UIM benefits.

We also point out that the insurance company has the ability, if it so chooses, to clearly articulate the applicable limitations period for claims against the tortfeasor and the insurer, and the event upon which the limitations period begins to run. Allied did not do so here.

We recognize that our holding may seem inconsistent with our decisions in *Morgan* and *Douglass* where we decided that similar policy language means that the limitations period is two years and commences on the date of the accident. Upon our review, however, we believe that we mischaracterized the policy language at issue in *Morgan* and *Douglass* concerning the applicable limitations period for a UM claim and when it commences. We, therefore, expressly overrule *Morgan* and *Douglass* in that regard.

We concluded above that the Allied policy does not establish the applicable limitations period for an insured's suit against Allied for UIM benefits nor does it establish when the limitations period begins to run. Therefore, because the Hamms'

claim for UIM benefits is based on a contractual theory, the applicable limitations period is that provided by statute, ten years. *See* Iowa Code § 614.1(5); *accord Vasquez,* 477 N.W.2d at 409.

### B. Commencement of the limitations period.

■ The next question is, upon the happening of what event does the ten-year limitations period begin to run? We again turn to the language of the Allied policy. Provisions relevant to this issue state:

> We will pay only after an "insured's" rights to the proceeds of all liability insurance bonds or policies have been determined by judgment or settlement agreement.

. . . .

### SUIT AGAINST US

> We may not be sued unless all the terms of this policy are complied with.

We conclude that this language imposes a condition on an insured's right to recover UIM benefits under the Allied policy, that is, that an insured must determine his or her rights to the limits of the tortfeasor's liability coverage before the insurer becomes obligated to pay UIM benefits under the policy. We further conclude, however, that the language does not specify when the ten-year limitations period begins to run.

■ Absent specific language in the Allied policy concerning when the limitations period begins to run, we apply traditional rules regarding commencement of the contract statute of limitations to make this determination. The general rule is that the contract statute of limitations commences upon the date the contract is breached. *See Diggan,* 576 N.W.2d at 102. With respect to insurance policies, a breach occurs when the insurer denies an insured's request for benefits. Applying these principles to the facts of this case, we conclude that the limitations period for plaintiffs' UIM claim against Allied commenced on the date that Allied denied

plaintiffs' request for UIM benefits under their Allied policy.

### C. Application of law to facts of case.

In this case, the automobile accident occurred on December 16, 1995, and plaintiffs settled with the tortfeasor on August 5, 1996. Plaintiffs therefore complied with the first condition, i.e., bring action against or settle with the tortfeasor within two years of the accident. The next condition plaintiffs needed to comply with in order to preserve their right to recover UIM benefits under the Allied policy was to bring suit against Allied within ten years of the date that Allied denied plaintiffs' claim for benefits. Although the record does not identify the date that Allied denied plaintiffs' claim, it is obvious that plaintiffs' suit against Allied was filed within the ten-year period. The district court therefore incorrectly concluded that plaintiffs' suit was time barred.

### VII. Disposition.

Defendant Allied's motion to dismiss the appeal, or in the alternative to strike portions of plaintiffs' brief, was ordered submitted with the appeal. Upon due consideration, the motion is overruled.

For reasons stated above, we reverse the judgment of the district court and remand for further appropriate proceedings.

**REVERSED AND REMANDED.**

All justices concur except CADY, J., who takes no part.